DRURY B. CADE, plaintiff in error, vs. ABRAHAM BURTON and URIAH O. TATE, defendants in error.

If one makes a sale of land by deed without warranty, but representing it to be his own, and afterwards convey the same land to a *bona fide* purchaser without notice, the period of limitations applicable to an action against him for the fraud is the same as that which would apply to an action for the land, to-wit: seven years from the discovery of the fraud

Equity. Elbert County Superior Court. Decided by Judge WM. M. REESE. September Term, 1866.

The controversy in this case was about a strip of land claimed by the proprietors of two contiguous tracts, known as the Burton and the Ragland tracts.

For many years prior to 1847, the former was owned by the defendant Burton, and the latter by John D. Watkins. In that year, Burton conveyed the former tract to Cade, the plaintiff, by deed, with the usual warranty. At the end of the deed this clause occurs:

"There is a disputed line of boundary between John D.
" Watkins and myself, on the west of my tract, running out

" from Broad river, which I, the said Burton, exempt and
" exclude from the warranty, and leave this line to be ad-
" justed by the said Cade with the said Watkins, without
" recourse on me."

This deed was not recorded till March, 1857.

The line was never settled between Cade and Watkins,
neither of them enclosing or otherwise taking exclusive pos-
session of the disputed land.

On the 2d day of January, 1855, Watkins conveyed the
Ragland tract to defendant Burton, and in the deed described
it as " divided from lands sold by said Abraham Burton to
" Dury B. Cade by a line agreed upon and marked by the
" said John D. Watkins and Abraham Burton before the
" sale aforesaid to Drury B. Cade, and never reduced to wri-
" ting, running as follows: " ——— and then follow bounda-
ries which give the disputed land to the Ragland tract.

On the 6th of February, 1855, Burton conveyed the Rag-
land tract to Tate, the other defendant, with the same de-
scription as in the last deed.    These last two deeds were re-
corded February 7, 1855.

In August, 1863, Cade filed his bill setting forth the above
facts; that, during the treaty which resulted in his purchase,
Burton always represented the disputed land as properly
belonging to the Burton tract, and the question of boundary
as open and unsettled ; that he bought trusting to this rep-
resentation ; that Tate had enclosed and was claiming the
disputed land ;—and praying that it be decreed to belong to
plaintiff; or, if Tate was protected by the prior record of
his deed, that Burton should be decreed to pay plaintiff the
value of the land, with rent.

On the trial, at March Term, 1866, there was evidence in
support of plaintiff's allegations ; also, that Burton and
Watkins had agreed upon a line in 1838, giving the dispu-
ted land to Watkins, and that Tate had cleared and fenced
the disputed land in the latter part of 1856 and the early
part of 1857.

The defendant Burton having, in his answer, relied on the

statute of limitations, the Court, on that subject, charged as follows :

" The statute of limitations would run against plaintiff from the time that the adverse claim of defendant and the alleged fraud of defendant were brought to his notice. Occasional acts of cutting timber on the disputed land, and such like, would not amount to notice ; but such acts as fencing and clearing on so large a scale as to attract the notice of plaintiff would amount to notice ; and if such notice had been given four years prior to January 19th, 1861, (the day from which the statutes of limitations are held to have been suspended,) plaintiff is barred."

The jury found for defendant.

Plaintiff moved for a new trial, on the grounds :

1. That the verdict was against law and evidence.

2. That the above charge was erroneous.

At September Term, 1866, this motion was overruled. Plaintiff excepted, and brings up this decision for review.

AKERMAN, for plaintiff in error.

MATTHEWS and VANDUZER, for defendants.

LUMPKIN, C. J.

That Burton perpetrated a gross fraud upon Cade cannot be doubted in this case. Still, Tate is protected, and the only question is, when the suit should have been commenced by Cade against Burton. We think, by analogy, that the period of limitations applicable for the fraud is the same as that which would apply to an action for the land, to-wit : seven years from the discovery of the fraud ; which was when Tate commenced clearing the land in dispute in the winter of 1856–57. Consequently, the judgment below. is reversed.