**In re Jefferson Davis SMYTHE, IV., Debtor.**

**Garry R. APPEL, Trustee, Plaintiff,**

v.

**STEAMBOAT SKI CORPORATION, as assignee of LTV Recreation Development, Inc.; Colorado Department of Labor Employment, Division of Employment and Training; Yampa Valley Co-Op Association, Mountain Valley Ranches, Inc., a Colorado Corporation; Acorn Petroleum, Inc., the United States Department of the Treasury Internal Revenue Service; and James L. and Susan S. Barry, Defendants.**

**Bankruptcy No. 80 B 02426 Mc.
Adv. No. 82 Mc 2144.**

United States Bankruptcy Court,
D. Colorado.

April 6, 1983.

Susan Souder, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S. Dept. of Treasury I.R.S.

Garry R. Appel, Denver, Colo., Trustee-plaintiff.

## ORDER AVOIDING CERTAIN LIENS OF THE UNITED STATES DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE

JOHN F. McGRATH, Bankruptcy Judge.

On December 20, 1982, trial was set upon the Plaintiff/Trustee's Complaint seeking to invalidate certain claimed interests and liens against certain property of the estate.

Upon Motion of the Plaintiff/Trustee, Garry R. Appel, the trial date was vacated and leave was granted for the Plaintiff to file a Motion for Summary Judgment, which was done on January 6, 1983. On January 7, 1983, and as amended January 24, 1983, Default Judgment was granted in favor of the Plaintiff/Trustee and against Yampa Valley Co-Op Association; Mountain Valley Ranches, Inc., a Colorado corporation; Acorn Petroleum, Inc., and James L. and Susan Barry. Briefs were then submitted by the Plaintiff/Trustee and the United States.

The facts in this matter are as follows:

On October 22, 1979, Jefferson Davis Smythe, IV, conveyed by deed and recorded in the offices of the Clerk and Recorder of Routt County, all his interest in the following real property to his wife, Sandra L. Smythe:

(a) Approximately 180 Acres of real property located in portions of Sections 10 and 11 of township 7 North, Range 85 West of the 6th P.M., Routt County, Colorado;

(b) Lot 33, Fairway Meadows, Routt County, Colorado;

(c) Unite 113, Fishcreek Condominiums, Routt County, Colorado;

(d) Unite 101, Fishcreek Condominiums, Routt County, Colorado.

The United States Department of the Treasury, Internal Revenue Service filed notices of Federal Tax liens against Jefferson Davis Smythe, IV. These notices were recorded in the County Clerk and Recorder's office of Routt County, Colorado, on the following dates: January 7, 1980; April 10, 1980; and May 22, 1980.

The Debtor, Jefferson Davis Smythe, IV, filed a petition in bankruptcy under Chapter 11 on June 13, 1980. Subsequently, on February 19, 1980, this matter was converted to a Chapter 7 proceeding and on March 1, 1982, Garry R. Appel was appointed trustee in this matter.

After the appointment of the Trustee, he was successful in obtaining a Court order dated August 18, 1982, finding the transfer of the above property from the Debtor to Sandra L. Smythe voidable in accordance with 11 U.S.C. § 548(a) and 11 U.S.C. § 547(b). In Adversary Proceeding No. 82 Mc 0461, the Court found the above transfers were voidable under both 548(a) and 547(b) and ordered that the transfers be void and that the trustee have legal title to the property, "subject only to valid liens existing on the date that Case No. 80 B 02426 Mc was filed."

The Trustee filed a Motion for court approval to sell Lot 33, Fairway Meadows, Routt County, Colorado, for no less than $40,000.00 and this Motion was granted on November 16, 1982. The Trustee then filed this proceeding seeking to avoid certain claimed liens against this property. The Trustee acknowledges that a lien of Steamboat Ski Corporation, as assignee of LTV Recreation Development Corporation, Inc., under a Deed of Trust dated May 7, 1976, and recorded in the records of the Clerk and Recorder of Routt County, Colorado on May 7, 1976, is a valid and prior lien. The Trustee further does not dispute a lien that may be claimed by the Colorado Department of Labor and Employment, Division of Employment and Training, by virtue of a Notice of Claim of Lien filed July 6, 1976, recorded July 10, 1979, in the amount of $173.80. The Court notes that both of these liens were filed against the Debtor before the transfer of the property by the Debtor to Sandra L. Smythe.

The Trustee seeks to avoid the Internal Revenue Service liens under 11 U.S.C. § 547(b) and/or 11 U.S.C. § 545(2). The

Internal Revenue Service is not objecting to the sale of the property, but asks for a court determination that the United States has valid and subsisting liens on the proceeds of any sale of the property by the Trustee.

The issue therefore is whether or not the Trustee can avoid these liens as preferential under section 547(b) or as unperfected liens under section 545.

The Trustee first argues that the liens recorded on April 10, 1980 and May 22, 1980, can be avoided as preferential transfers under 11 U.S.C. § 547(b). While transfers in satisfaction of tax liens are not immune to attack under 547(b) the avoidance of the *fixing* of a statutory lien is governed by 11 U.S.C. § 547(c)(6).

> 547 (c) The trustee may not avoid under this section a transfer—
>
> (6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title.

Section 545 is derived from section 67(b) of the 1965 Amendments to the old Bankruptcy Act. The history and intent of this section was traced and discussed by the United States Supreme Court in *United States v. Speers*, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965). There had been a split in authority in the circuit courts as to whether a tax assessment was a valid lien against the trustee even if not recorded prior to the filing of the bankruptcy. In *Speers* the Supreme Court traced the history of the Act and its amendments with regard to the trustee's avoidance powers relating to statutory liens. The finding was that a tax lien must be recorded prior to the filing of the bankruptcy petition to escape the avoidance power of the trustee. The Court pointed out that section 67(b) of the 1964 Amendments to the Bankruptcy Act was intended by Congress to protect tax liens from section 60 (11 U.S.C. § 96, 1964 ed.) which permitted the trustee to avoid transfers made within four months of bankruptcy. Now under § 547(b)(4)(A) which is derived from section 60 of the Act, the time has been changed to 90 days.

We must therefore look to see if the lien is avoidable under section 545.

§ 545. Statutory liens. The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

> (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such purchaser exists;

When these tax liens were filed against Jefferson Davis Smythe, the property in question was legally titled in the name of Sandra L. Smythe.

As stated in 26 U.S.C. § 6321, the tax lien attaches to all property and rights to property belonging to the taxpayer. Although federal law determines the priority of federal tax liens, whether or not a taxpayer has any interest in the property is a matter of state law.

> However it is fundamental that in determining whether and to what extent a taxpayer has property or rights to property to which the federal tax lien could attach, both federal and state courts must look to state law. *Aguilino v. U.S.,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 136 [1365]; *U.S. v. Harshberger,* 475 F.2d 677 (10th Cir.1973); *U.S. v. Woodard,* 444 F.2d 752 (10th Cir.1971). *United States v. Hunt,* 513 F.2d 129, 133 (10th Cir.1975.)

■ In Colorado a bona fide purchaser for value of real property takes from a legal record holder free and clear of liens. *Wright v. Yust,* 118 Colo. 449, 195 P.2d 951 (1948). A purchaser for value without previous notice is not chargeable with constructive notice of fraudulent intent of the vendor. *Riethmann v. Godsman,* 23 Colo. 202, 46 P. 684 (1896). Even in the case of a fraudulent transfer from a husband to a wife the validity of a deed from the wife (plaintiff) to a bona fide purchaser (lumber company) was upheld.

> Citation of authority is not necessary to support the statement that the deed to the lumber company by plaintiff, in good faith and for valuable consideration, con-

veyed good title to said company unaffected by the alleged fraudulent character of the deed from the husband to the plaintiff... *Brooks v. Black,* 123 P. 131, 22 Colo.App. 49, 53 (1912).

Under Colorado law at the date of the filing of this petition a bona fide purchaser could have purchased this property free and clear of these tax liens. Since the liens were not perfected or enforceable against a bona fide purchaser on the date of the filing of the petition, the trustee may therefore avoid the fixing of these three statutory tax liens under section 545(2).

The United States asserts that under Colo.Rev.Stat. § 38–10–117 (1973) conveyances to defraud creditors are void. However, the transaction in question was not found void under the Colorado statute. Instead the transfer from Jefferson Davis Smythe to his wife was found voidable under 11 U.S.C. § 548 and 547.

Under 11 U.S.C. § 541, an estate is created consisting of all legal or equitable interests of the debtor in property as of the commencement of the case. This includes under 541(a)(3) "Any interest in property that the trustee recovers under section 543, 550, 553 or 723 of this title." Section 550 provides that to the extent a transfer is avoided under certain listed sections including 547 and 548, the trustee may recover the property so transferred for the benefit of the estate. Also under 11 U.S.C. § 551 the Code provides that any transfer avoided under 547 and 548 (and other listed sections) is preserved for the benefit of the estate.

■ This avoidance power belongs to the trustee and not to the creditors. *In the Matter of Lang,* 5 B.R. 371, 6 B.C.D. 713 (Bkrtcy.S.D.N.Y.1980) Collier Bankr.Cas.2d (MB). In a case involving the setting aside of a fraudulent conveyance wherein the trustee used sections 550, 544 and 548, the court found that the trustee was entitled to set aside and avoid the transfer and to revert all assets to the estate. *In re Sergio, Inc.,* 16 B.R. 898 (Bkrtcy.Hawaii 1981). It is clear that the trustee's avoidance powers are for the benefit of the estate. When the

trustee sues and recovers property, that property is brought into the estate and its distribution is for the benefit of all the creditors.

■ The United States asserts that the Court order of August 18, 1982, setting aside the transfer of Sandra L. Smythe found the transfer void and subject to valid liens existing on the date of the petition. The first paragraph of this order, states that the transfers are "voidable by the Plaintiff/Trustee in accordance with Section 548(a) of the Bankruptcy Code." The last paragraph on the first page of the order states that the transfers "are voidable by the Plaintiff/Trustee in accordance with Section 547(b)..." The order found the Plaintiff/Trustee would hold legal title to these properties subject to valid liens existing on the date the petition in bankruptcy was filed. As previously noted, there were two liens filed against the Debtor and his property before the transfer of the property to Sandra L. Smythe. Unless these liens have since been satisfied, and there is no evidence to so indicate, these liens would appear to be valid against the property in question on the date of the filing of the petition. These are the liens the Court was referring to in its order of August 18, 1982.

We do not argue with the United States assertion that the tax liens were choate on the date they were filed and nothing further remained to perfect them against the debtor or his property. But the property in question was never legally titled in the debtor from or after the date of the filing of the tax liens. When the transfer from the Debtor to Sandra L. Smythe was avoided by the Trustee, the property did not revert to the Debtor but instead became property of the estate, inuring to the benefit of the estate and all its creditors.

The Court therefore finds that the tax liens of the United States Department of the Treasury Internal Revenue Service filed on January 7, 1980, April 10, 1980 and May 22, 1980 never attached to the subject property and therefore were not perfected nor enforceable on the date of the filing of the

petition against a bona fide purchaser. Thus the trustee may avoid the fixing of these tax liens on said property under 11 U.S.C. § 545.

IT IS THEREFORE ORDERED that the tax liens on the subject property referred to above are void and further finds that these liens are not valid or subsisting liens against the proceeds of the sale of the subject property by the trustee.