In the Matter of John Andrew
MILAM, Debtor.

R.J. MINCEY, Plaintiff,

v.

John Andrew MILAM and Josephine
Moore Milam, Defendants.

Bankruptcy No. 81–04008A.
Adv. No. 83–0166A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 8, 1984.

Gary Bross, Decatur, Ga., for debtor/defendants.

Don Snow, Thomaston, Ga., for creditor/plaintiff.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Currently before this court are two motions in this adversary proceeding: (1) defendants' motion to dismiss plaintiff's complaint; and (2) plaintiff's motion for a jury trial. The complaint, originally filed January 24, 1983, was brought to set aside a 1978 conveyance by the debtor to his wife of their residence. A second conveyance of a Stardust Houseboat was also challenged in the complaint. Because the court dismisses the instant adversary proceeding as presently constituted, the court finds it unnecessary to rule on plaintiff's motion for a jury trial.

## BACKGROUND

Plaintiff-creditor Mincey's initial response to debtor John Milam's Chapter 13 petition was to object to confirmation of the Chapter 13 plan. In this objection he was joined by two other Milam creditors. The basis of that objection to confirmation was that a liquidation pursuant to Chapter 7 would offer a higher distribution to unsecured creditors than the Chapter 13 plan proposed by the debtor. Such a Chapter 13 plan would violate the § 1325(a)(4) standard and would not be confirmed.

In point of fact, only a § 1325(a)(3) good faith argument was orally urged to this court at the first confirmation hearing. The § 1325(a)(4) argument was not urged until appeal to the District Court. This court's first order confirming the Chapter 13 plan was reversed and remanded. The District Court ruled that the Findings of Fact were "clearly erroneous" in light of the absence of evidence presented on the § 1325(a)(4) point at the confirmation hearing. At the second confirmation hearing, which had been scheduled to permit the creditors to state their objections fully, the debtor appeared but the creditors did not. It was not known until after the hearing that the creditors' failure to appear and

object resulted from their lack of notice of the scheduled hearing.

Both the objection to confirmation and the instant adversary proceeding are based on the same underlying events. The ultimate relief requested is to deny confirmation of the debtor's Chapter 13 plan and to require that certain property be brought into the estate for the benefit of creditors. The creditors argue that the debtor has fraudulently conveyed property to his spouse which should properly be property of the estate. The plaintiff-objectors argue that unless such action is taken to bring the property into the estate the unsecured creditors will fare better by requiring the debtor to seek relief in a Chapter 7 case.

The adversary proceeding, as distinguished from the objection to confirmation, presents a question of standing of the creditor as plaintiff. At the April 28, 1983 hearing, counsel for plaintiff acknowledged this potential problem. Counsel agreed that the statutory section speaks in terms of the Chapter 13 *trustee* having the power to avoid a transfer in circumstances where there exists an actual creditor holding an unsecured claim. While in the instant circumstances the plaintiff is such a creditor holding an unsecured claim, the trustee is not the plaintiff.

## FINDINGS OF FACT

1. On September 25, 1981, the debtor, John Milam, filed a Chapter 13 petition;

2. The schedules which the Chapter 13 debtor filed included the following unsecured debts:

 (a) $45,000.00 judgment in favor of R.J. Mincey;

 (b) $13,472.72 tort claim made by Jesse Rogers, Sand and Sign Gravel Co., Inc.;

 (c) $9,917.28 tort claim made by Georgia Concrete Co., Inc.;

3. The schedules which the Chapter 13 debtor filed listed his residence, valued at $100,000.00, and a Stardust Houseboat valued at $25,000.00, as being solely owned by the debtor's wife.

4. The schedules which the Chapter 13 debtor filed did not list as an asset a $57,000.00 judgment which the debtor had obtained but had not collected and about which there is a question as to the possibility of collection.

5. On November 16, 1981, the three creditors mentioned in paragraph (2)(a), (b), and (c) above, filed an objection to confirmation of the debtor's Chapter 13 plan;

6. On November 23, 1981, a confirmation hearing was held at which time the plan was confirmed;

7. The creditors appealed the confirmation of the Chapter 13 plan;

8. The District Court reversed the order confirming the Chapter 13 plan and remanded the proceeding to hear evidence on the creditors' § 1325(a)(4) objection;

9. At the rehearing, held December 6, 1982, the creditors made no appearance, and the plan was again confirmed;

10. On February 8, 1983, creditor Mincey filed the instant adversary proceeding to set aside certain conveyances or, alternatively, to impress a trust on the property in question;

11. On February 10, 1983, defendants filed a timely answer and counterclaim and a motion to dismiss the complaint, relying on the failure of the creditors to attend the December 6, 1982 confirmation hearing and present their objections, and the principle that confirmation of the Chapter 13 plan binds the creditors as provided in § 1327;

12. On March 3, 1983, the creditors moved to vacate the order confirming the Chapter 13 plan on the basis that their failure to appear on December 6, 1982 resulted from a failure to receive any notice of that hearing;

13. On March 3, 1983, a pre-trial hearing was held, and plaintiff submitted a motion requesting a jury trial on the adversary proceeding;

14. On April 28, 1983, an additional hearing was held relating to the Chapter 13 case at which time plaintiffs showed the court they had received no notice from the

Clerk of the Bankruptcy Court regarding the December 6, 1982 hearing on their objections to the confirmation of the debtor's Chapter 13 plan.

## DISCUSSION

The gravamen of the defendants' motion to dismiss plaintiff's adversary proceeding is that plaintiff cannot proceed to examine an alleged fraudulent conveyance which occurred more than a year prior to the bankruptcy filing. Such a proposition is correct with reference to 11 U.S.C. §§ 547[1] and 548[2]. Section 544(b)[3] authorizes the use of applicable state law[4] by the trustee if there exists an actual creditor holding an unsecured claim. *In re Vaniman Intern., Inc.,* 22 B.R. 166, 181 (Bkrtcy.E.D.N.Y., 1982). In the instant circumstances, the plaintiff is an actual creditor holding an unsecured claim. Georgia's statute of limitations period for examining an alleged fraudulent conveyance has no statutorily defined time period, but has been interpreted as seven years. *Beasley v. Smith,* 144 Ga. 377, 381, 87 S.E. 293 (1915). The conveyance in ques-

tion was made in 1978. The debtor filed for bankruptcy relief in 1981. Clearly, the seven-year period has not been exceeded.

The problem with the scenario presently before the court is that the trustee is not the plaintiff in the adversary proceeding. After reviewing the statutory language, legislative history, decisional law and policy on this matter, this court finds that the decision to use the avoiding power granted by § 544(b) resides solely with the trustee. The first and primary reason for this conclusion is that the statutory language itself speaks in terms of the trustee alone. Nor is this specific grant of power to the trustee alone unique within the Code. Other statutory sections similarly permit the trustee the sole exercise of power, e.g., § 545 (Avoiding Statutory Liens); § 547 (Avoiding Preferences); § 548 (Avoiding Fraudulent Transfers and Obligations); § 549 (Avoiding Post-petition Transactions). *See In re Smythe,* 28 B.R. 882 (Bkrtcy.D.Colo., 1983); *In re Hess,* 21 B.R. 465 (Bkrtcy.W.D.Va., 1982); *In re Lang,* 5 B.R. 371 (Bkrtcy.S.D.N.Y., 1980). *Tuloka*

---

**1.** 11 U.S.C. § 547. Preferences

. . . . .

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor . . .
 (4) made . . .
 (B) between 90 days and one year before the date of the filing of the petition . . . .

**2.** 11 U.S.C. § 548. Fraudulent transfers and obligations

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition. . . .

**3.** 11 U.S.C. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

. . . . .

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502(e) of this title or that is not allowable only under section 502(e) of this title.

**4.** In Georgia, the applicable law is the following:

§ 18–2–22 Conveyances by debtors deemed fraudulent.

The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:
 (1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;
 (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the creditor, shall be valid; and
 (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance. (Laws 1818, Cobb's 1851 Digest, p. 168; Code 1863, § 1954; Ga.L. 1865–66, p. 29, § 1; Code 1868, § 1942; Code 1873, § 1952; Code 1882, § 1952; Civil Code 1895, § 2695; Civil Code 1910, § 3224; Code 1933, § 28–201.) OCGA § 18–2–22 (1982).

*Affiliates, Inc. v. Wheeler,* Adv.Pro. 81–1209A, *Amax Forest Products, Inc. v. Wheeler,* Adv.Pro. 81–1024A (BC ND Ga, March 15, 1982).[5] Moreover, these Bankruptcy Code sections can be contrasted with § 553 (Setoff) which specifically allows a creditor to exercise the right of setoff under certain circumstances.[6]

Additionally, the court is persuaded of the importance of the statutory policy of permitting only the trustee to determine whether the avoiding powers granted should be exercised at all. This decision will necessarily weigh a number of competing factors, including the merits of the possible action against the debtor, the likelihood of prevailing, the litigation cost to the estate, and the ultimate net benefit to the estate. Such factors may not be very important to a disappointed creditor. The orderly administration of bankruptcy law would not be served by permitting creditors holding unsecured claims to decide independently of the trustee to institute suits against the debtor. Without the safeguard of an independent, impartial trustee to review the merits of creditor claims which are frequently biased, the debtor might be forced to defend numerous proceedings that waste instead of conserve assets, that unreasonably delay administration of the estate, and that deny the debtor the possibility of rehabilitation and a fresh start in both the economic and the psychological terms envisioned by the Code. A final policy consideration for limiting the exercise of § 544(b) power to the trustee is that in a trustee contest, if the trustee prevails, the transferred property unquestionably returns to the estate, not to an individual creditor. 11 U.S.C. § 551. In this way the principle of equality of distribution is

served as the property will be used for the benefit of all creditors, not for a selected few. *See Smythe, supra,* at 885; *Lang, supra,* at 375.

Reading the Code to permit only the trustee to commence an adversary proceeding in circumstances similar to the instant one should also help the bankruptcy process come closer to the statutory goal of swift, efficient and orderly administration. Ideally, confirmation of a debtor's Chapter 13 plan should follow in short order upon the § 341 creditors meeting. Proper procedure for a creditor who desires the trustee to bring an adversary proceeding pursuant to § 544(b) would require the creditor to furnish to the trustee prior to the confirmation hearing all the known facts and evidence available to the creditor. It is at this point in time that the creditor should do the utmost to convince the trustee of the merit of the claim to the estate and consequent benefit to the estate. In response, the debtor, who will have the burden at the confirmation hearing of persuading the court that he has met all confirmation standards pursuant to § 1325(a), will try to be more persuasive to the trustee than the creditor. *In re Wolff,* 22 B.R. 510, 512 (Bkrtcy.App. CA9, 1982).

If upon a request the trustee has been persuaded to commence the § 544(b) proceeding based on allegations that net proceeds from a Chapter 7 liquidation would offer unsecured creditors a greater distribution than the debtor's Chapter 13 plan and the debtor cannot overcome the burden of persuasion, then confirmation must be denied, e.g., the § 1325(a)(4) standard has not been satisfied. If the trustee has been unable to make a determination by the date

---

5. The court recognizes that the decisions cited were made in the Chapter 7 context. Although the role of a Chapter 7 trustee who takes possession and control of the debtor's estate created at the time of commencement of the case is much more active than a Chapter 13 trustee who takes custody only of the debtor's property, generally income, which the plan or order of confirmation specifically submits to the trustee, this court holds the exclusivity of the trustee's authority to initiate a § 544(b) proceeding is

the same under either Chapter. See 11 U.S.C. § 103(a).

6. 11 U.S.C. § 553. Setoff

(a) ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

set for confirmation, the trustee may move the court for additional time which would then continue the confirmation hearing for a reasonable period as provided by the court. If the trustee announces at the confirmation hearing that the relative merits of the competing positions on the § 544(b) issues have been considered and that the trustee will not file a § 544(b) complaint, the creditor's argument that the property in question should be considered property of the "liquidated" estate in the § 1325(a)(4) calculation must be rejected.

Nor should the Bankruptcy Court inject itself into the trustee's decision, e.g., hear arguments on whether the trustee should initiate the proceeding. Any such judicial action would reintroduce one of the criticisms of the Bankruptcy Act of 1898.[7] If the matter is ultimately litigated, the court must maintain its impartiality between the trustee and the opposing side whether that side be debtor or creditor. Any direction or input into the trustee's decision might appear to prejudice the court in any later action before it.

Nor is a creditor without a remedy if he thinks the trustee has failed to properly carry out the duties of the position. A creditor may apply to the court to have the trustee removed for cause. 11 U.S.C. § 324.

 In the instant circumstances, the creditor filed the adversary proceeding. The creditor lacks standing to have initiated this proceeding and the complaint must be dismissed. The court has no information on whether the trustee would willingly substitute himself as party-plaintiff. If the trustee decides to substitute himself as party-plaintiff, the proceeding may be reinstated upon such a motion by the trustee made within 30 days of the entry of this order. In such event the debtor will be permitted an opportunity to carry the burden of persuasion on the § 1325(a)(4) test at the confirmation hearing. The evidence of the trustee and the objecting creditor will be heard and considered in support of the § 544(b) proceeding as it affects the § 1325(a)(4) standard of confirmation. If the debtor succeeds in the showing to the court, the plan will be confirmed at that time. If the debtor does not carry the burden of persuasion, then the plan will be denied confirmation.[8]

A third possibility would be for the court to approve the plan conditionally via an interlocutory order. This would be especially appropriate where the nascent state of the evidence does not support a ruling as important as confirmation with its attendant res judicata implications (11 U.S.C. § 1327) or denial of confirmation with its potentially devastating consequences to the debtor. Under such approval only the § 1325(a)(4) confirmation standard would remain at issue. The interlocutory order would direct the trustee to accept payments from the debtor and make distributions in accordance with the plan until a decision

---

**7.** For criticism of the relationships that oftentimes developed between the Bankruptcy Judge and bankruptcy trustee under the 1898 Act, see H.R.Rep. No. 595, 95th Cong., 1st Sess. 88–99 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. ("In particular cases, a judge may, after reviewing the schedules of assets and liabilities that the debtor has filed, and various other information in the case, suggest to a dilatory trustee that he pursue a cause of action, for example, to recover a preference or avoid a lien or suggest that he initiate a proceeding to recover an asset of the estate held by a third party. If the trustee brings the action in the bankruptcy court, the bankruptcy judge that suggested it will be sitting in judgment on the validity of the trustee's claim. Such a position is untenable for any adjudication in our judicial system ... nevertheless, the structure of the system, written into the present Bankruptcy Act as law, necessitates the awkward position in which bankruptcy judges find themselves, and brings disrepute on the whole system. The law must be changed to afford bankruptcy litigants the fair and impartial justice to which all other litigants in the federal courts are entitled.") *Id.* at 90–91, U.S.Code Cong. & Admin. News 1978, p. 6052–6053.

**8.** A full scale trial on the issues presented by the § 544(b) proceeding is not possible or necessary at the hearing on the § 1325(a)(4) standard. It is satisfactory on the (a)(4) issue if the court can conclude from the preliminary survey of the basic evidence presented on § 544(b) issues that the trustee would likely succeed.

regarding confirmation was made based on conclusion of the § 544(b) proceeding.

If after investigation the trustee determines that he should not become the party-plaintiff in the present adversary proceeding, the trustee shall so inform the parties and this court in writing within 30 days from the entry of this Order. A decision by the trustee not to reinstate the instant adversary proceeding would leave no objections to the debtor's Chapter 13 plan pending before the court, and the debtor's plan would be confirmed.

For the reasons set forth above, the motion to dismiss plaintiff's complaint is granted.