## A00A1969. BONNER et al. v. SMITH et al.
### (543 SE2d 457)

BLACKBURN, Presiding Judge.

Bobby Eugene Bonner and Sherrill L. Bonner appeal the jury's verdict which set aside as fraudulent a quitclaim deed transferring title of the couple's home from Bobby to Sherrill. Daniel Jackson Smith and Joyce Smith brought the underlying action to set aside the deed after they had obtained a judgment against Bobby Bonner in the amount of $187,639.48. The Bonners contend that the trial court erred by: (1) denying their motion for directed verdict and their motion for judgment notwithstanding the verdict; (2) charging the jury on constructive fraud; and (3) denying them the right to open and close the final arguments. For the reasons set forth below, we affirm the jury verdict.

1. The Bonners contend that the trial court erred by denying their motion for directed verdict and their motion for judgment n.o.v. because the Smiths failed to present any evidence to establish a fraudulent conveyance.

Initially, we note that in reviewing the denial of a motion for directed verdict and judgment n.o.v., this Court must determine whether there is any evidence to support the jury's verdict. Where there is any evidence to support the jury verdict, it is proper to affirm the denial of the motions, unless it is demanded as a matter of law, because the jury is the sole and exclusive arbiter of the weight and credit given to the evidence. *Gen. Ins. Svcs. v. Marcola.*[1] A judgment

---

[17] *State v. David*, 269 Ga. 533, 535 (501 SE2d 494) (1998).
[1] *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 145 (2) (497 SE2d 679) (1998).

n.o.v. is properly granted only when there can be but one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. *First Union Nat. Bank &c. v. Davies-Elliott, Inc.*[2]

In the present case, the Smiths contended that the quitclaim deed executed between the Bonners was fraudulent. OCGA § 18-2-22 (2) provides that the following acts by debtors shall be fraudulent against creditors: "Every conveyance of real or personal estate : . . . had or made with intention to delay or defraud creditors, where such intention is known to the taking party." The evidence at trial revealed that on Friday, August 19, 1994, Bobby Bonner shot and injured Daniel Smith. On Saturday, August 20, 1994, Daniel Smith called Sherrill Bonner and told her that he was going to sue Bobby Bonner for damages and get the house. Although Smith was not an actual creditor at the time the deed was filed, OCGA § 18-2-22 would still apply. See *Rolleston v. Cherry*.[3] The following Monday, August 22, 1994, the Bonners filed the quitclaim deed.

The Bonners purportedly signed the deed and had it witnessed on February 10, 1994. Bobby and Sherrill Bonner and the witness to the deed, Sherrill's mother, testified that the deed was signed on February 10, 1994. The notary testified that she was not present when the deed was signed but that she notarized the document on February 10, 1994. However, Sherrill Bonner testified that the deed was notarized at a later date.

Bobby testified that in signing the quitclaim deed it was not a sale of the house; it was just an outright gift to his wife. Sherrill wanted the house in her name because they were having marriage difficulties and she was the one paying the mortgage. She also testified that she was worried that Bobby was going to do something stupid because of his drinking. Sherrill testified that Bobby was not providing any income to the household and that most of their debts were "under bankruptcy." Sherrill further testified that she paid him $1 for the house as recited in the quitclaim deed.

> When a creditor attacks a conveyance from a husband to a wife, slight circumstances may be sufficient to establish the existence of fraud. The burden is on the husband and the wife to show that the transaction as a whole was free from fraud. And it is for the jury to say whether the husband and the wife carried their burden in this regard.

---

[2] *First Union Nat. Bank &c. v. Davies-Elliott, Inc.*, 215 Ga. App. 498, 501 (1) (a) (452 SE2d 132) (1994).

[3] *Rolleston v. Cherry*, 237 Ga. App. 733, 735 (1) (a) (521 SE2d 1) (1999).

(Citations omitted.) *Dearing v. A. R. III, Inc.*[4] Additionally, OCGA § 19-3-10 provides that "when a transaction between a husband and wife is attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction was fair."

In the present case, the Smiths contested whether the deed was actually signed in February or after Mr. Bonner shot Mr. Smith. Under these circumstances, the issue came down to one of credibility of the witnesses. The trial court properly reserved such issue for a jury's determination. See *Gen. Ins. Svcs.*, supra.

2. The Bonners contend that the trial court erred in charging on constructive fraud. The trial court charged:

> But fraud may be either actual or constructive. Actual fraud consists of any kind of artifice by which another is deceived. Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to the good conscience and operates to the injury of another. Actual fraud implies moral guilt; constructive fraud may be consistent with innocence.

The Bonners argue that this charge was not adjusted to the evidence in the case. However, the Bonners raised no objection to the trial court's initial charge. Only after the jury asked for a recharge on the definition of actual and constructive fraud and the trial court reiterated the same charge, did the Bonners object to the charge.

The constructive fraud charge was adjusted to the facts of the case because the jury was authorized to believe Sherrill's testimony that she had no intention to defraud creditors, but to disbelieve her testimony that the deed was signed in February. "The jury was authorized to believe a part and disbelieve other parts of the testimony of the witnesses." *Brunswick Mfg. Co. v. Sizemore.*[5] Therefore, the trial court did not err in recharging on constructive fraud.

3. The Bonners contend that the trial court erred in denying their right to open and close the arguments. The Bonners assert that because they had the burden to prove that the transaction was fair, they had the right to open and close the arguments. Although OCGA § 19-3-10 puts the onus on the husband and wife making the transaction to show that the transaction was fair, the plaintiff still retains the burden of putting forth evidence of the fraud. In *Baker v. Goddard*,[6] the Supreme Court of Georgia determined that such Code sec-

[4] *Dearing v. A. R. III, Inc.*, 266 Ga. 301, 302 (1) (466 SE2d 565) (1996).
[5] *Brunswick Mfg. Co. v. Sizemore*, 183 Ga. App. 482, 484 (359 SE2d 180) (1987).
[6] *Baker v. Goddard*, 205 Ga. 477, 482 (7) (53 SE2d 754) (1949).

tion was a rule of evidence and did "not dispense with any necessary element in setting aside a conveyance based upon valuable consideration." In other words, a creditor could not obtain summary judgment on a claim merely by presenting a deed between a husband and wife. The creditor must come forward with some evidence to suggest an irregularity, such as in the present case, the filing of the quitclaim deed after Mr. Smith told Mrs. Bonner that he was going to sue the Bonners and take their house.

The Bonners argue that the Supreme Court of Georgia's decision in *Tucker v. Talmadge*[7] supports their assertion of a right to open and close the arguments. The facts in *Tucker*, however, support the opposite conclusion. Therein, the wife sued her husband to enforce a deed. Therefore, the wife, as plaintiff, had the burden and had the right to open and close. Id. Such is not the case before us. Additionally, in *Tucker*, the issue presented was whether the trial court erred in failing to charge the jury, absent a request, as to any shift in the burden of introducing evidence. The issue which we are presently concerned with was not addressed therein. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Punctuation omitted.) *Gordy Tire Co. v. Dayton Rubber Co.*[8] Based on the foregoing, the trial court did not err in denying the Bonners' request to open and close the arguments.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 8, 2000 —
RECONSIDERATION DENIED DECEMBER 21, 2000.

*Lane & Jarriel, Thomas F. Jarriel*, for appellants.
*Grist & Brock, Joel M. Grist, Jr.*, for appellees.

[7] *Tucker v. Talmadge*, 186 Ga. 798, 799 (4) (198 SE 726) (1938).
[8] *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529) (1960).