**In re Malcolm P. DULOCK, Debtor.**

**Herbert C. Broadfoot, II, Trustee for the Estate of Malcolm P. Dulock, Plaintiff,**

**v.**

**Laura Hunerwadel, Defendant.**

**Bankruptcy No. 99–61513.
Adversary No. 01–6177.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 12, 2002.

Herbert C. Broadfoot, II, Chapter 7 Trustee, Herbert C. Broadfoot, II, PC, James R. Schulz, Ragsdale, Beals, Hooper & Seigler, Atlanta, GA, for plaintiff.

Jay E. Loeb, Olim & Loeb, LLP, Atlanta, GA, for defendant.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on defendant's motion to dismiss. The complaint was brought by the Chapter 7 Trustee as plaintiff against the debtor's ex-wife Laura Hunerwadel ("defendant"). The Trustee seeks to set aside certain transfers made by the debtor to defendant involving real estate, two IRA accounts, a life insurance policy, and some stock. All of these transfers were part of a property settlement in the debtor and the defendant's first divorce. The Trustee brings this avoidance action under 11 U.S.C. § 544(b)(1) and asserts that these conveyances are fraudulent conveyances under Georgia law. The defendant requests that the claims be dismissed, arguing that all of the Trustee's claims are time-barred.[1]

1. At the time that defendant filed her motion to dismiss, she also filed a motion to withdraw the reference of this adversary proceeding to the District Court. The District Court denied the motion to withdraw the reference, and the motion to dismiss is now properly before the Bankruptcy Court.

Defendant's motion to dismiss originally contained two arguments which defendant has abandoned. Initially, defendant contended that the statute of limitations under 11 U.S.C. § 546(a) for an avoidance action by the Trustee had expired prior to the filing of this adversary proceeding. Defendant has abandoned this argument, recognizing that her prior counsel had agreed to extensions of time for filing this very action. Second, defendant argued that the Trustee had failed to allege that the debtor had any unsecured creditors at the time of the transfer sought to be avoided. The Trustee has amended the complaint, and that objection has been cured.

2. GA.CODE ANN. § 18-2-22 provides as follows:
   **18-2-22. Conveyances by debtors deemed fraudulent.**
   The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:

This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

This case raises the question of what is the statute of limitations in Georgia for an action to set aside or recover proceeds from a fraudulent conveyance under GA. CODE ANN. § 18-2-22.[2] Defendant contends that the statute of limitations for an action to recover damages for the fraudulent transfer of real property is four years, and the Trustee argues that the statute of limitations for actions involving the fraudulent transfer of real property is seven years. As to fraudulent conveyances involving personal property, defendant argues that the statute of limitations is four years, and the Trustee argues that either a seven or ten-year statute of limitations should apply. Finally, defendant argues that a three-year statute of limitations should apply to all of these claims, because the transfers took place pursuant to a judgment in a divorce action.

(i) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;

(ii) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and

(iii) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

GA CODE ANN. § 18-2-22 (1999).

### I. The Stipulated Facts

The facts relevant to the motion to dismiss are not disputed. The debtor, Malcolm Dulock, and the defendant, Laura Hunerwadel, have been married and divorced twice. They were first married on May 2, 1992. Two and a half years later, on November 8, 1994, the defendant filed for a divorce against the debtor in the Superior Court of Cobb County. The parties signed a property settlement agreement on October 31, 1994, which they filed with the divorce action on November 8, 1994. As a part of the property settlement agreement, the debtor transferred his interest in a number of assets set forth below:

1. The debtor transferred two IRA accounts, and the parties agree that these two accounts had present cash values of approximately $350,600.00.

2. The debtor transferred his interest in two parcels of real estate: (a) a fee simple title to the parties' home at 5620 Conway Drive, Cobb County, Georgia, and (b) an undivided one-half fee simple interest in rental property at 5085 Ravenwood Drive, Marietta, Georgia. Both of these parcels of real estate had security deeds on them, and the property settlement provided that the defendant had the sole responsibility to make payments on those properties. The deed transferring the home from the debtor to the defendant was recorded prior to the divorce, on September 21, 1994. The deed transferring the rental property from the debtor to the defendant was recorded on November 8, 1994.

3. The debtor transferred title to a life insurance policy, which had a cash value of $35,000.00. The property settlement agreement stated that this cash value was to be used for the benefit of the parties' child.

4. The debtor also transferred 2,250 shares of First Colony Bank stock. The parties have not submitted any stipulation as to the value of that stock.

The debtor and the defendant remarried on November 4, 1995, less than a year after they signed the property settlement. A little over two years later, on January 8, 1998, the defendant sued the debtor for a second divorce. The parties signed a second property settlement agreement with respect to the second divorce on February 5, 1998. The debtor filed a bankruptcy petition on January 29, 1999. The Trustee filed this lawsuit on May 11, 2001.

### II. Legal Analysis

Defendant's argument that a three-year statute of limitations applies as a bar to all the Trustee's claims is without merit. Defendant cites only one case, *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428, 490 S.E.2d 368 (1997), for the proposition that a three-year statute of limitations should apply. The *Mehdikarimi* case has no relevance to this fraudulent conveyance action brought by the Trustee. In *Mehdikarimi*, a husband and wife entered into a property settlement and divorce decree. Eight years later, the wife brought a complaint to void the settlement agreement and asked the court to set aside the decree on grounds of duress. The Supreme Court of Georgia held that the wife's action was time barred, because an action to set aside a judgment on the grounds of duress could be brought only under GA.CODE ANN. § 9-11-60(f), and that provision has a three-year statute of limitations.

In the case at bar, the Trustee is not seeking to set aside a judgment or asserting any claim under § 9-11-60(f). Rather, the Trustee has filed an avoidance action under § 544(b) of the Bankruptcy Code seeking to set aside fraudulent conveyances made by the debtor to his ex-wife in their first divorce. The fact that these

conveyances were made pursuant to an agreement in a divorce case does not convert the Trustee's fraudulent conveyance action into an action to set aside a judgment. In fact, the Trustee would not have any standing to set aside a judgment between other parties under § 9–11–60(f), and defendant's unsupported suggestion to the contrary must be rejected.

It should also be noted that defendant's argument would produce a result at odds with the vast body of law suggesting that conveyances between family members should be more, not less, closely scrutinized than transfers to unrelated parties. The transfer of property between family members has been recognized as one of the badges of fraud used to determine whether a given conveyance was intended to defraud, hinder or delay creditors. 5 COLLIER ON BANKRUPTCY, ¶ 548.04[2][b] (Lawrence P. King ed. 15th ed.2001). *See also* GA.CODE ANN. § 19–3–10 (1999 & Supp.2001), *Bonner et al. v. Smith et al.,* 247 Ga.App. 419, 421, 543 S.E.2d 457, 460 (2000), *Hadlock et al. v. Anderson,* 246 Ga.App. 291, 293, 540 S.E.2d 282, 284 (2000), *Fogel v. Chevrie (In re Chevrie),* No. 99–B–6542, 2001 WL 120132 at *10–11, 2001 Bankr.LEXIS 97, at *27–29 (Bankr. N.D.Ill. Feb. 13, 2001). Defendant acknowledges that the statute of limitations for a fraudulent conveyance of personalty is generally four years, and yet she argues that when the transfer is between a husband and wife pursuant to a divorce decree, the statute of limitations should be shortened to three years. This argument contradicts the centuries-old policy of more closely examining transfers to rela-

tives when those transfers keep assets from creditors of the transferor.

Defendant also argues that the Trustee's claims arising out of debtor's transfers of real estate to his wife are barred by a four-year statute of limitations. Plaintiff claims that a seven-year statute of limitations applies to actions to recover real property, and defendant acknowledges in her brief that "O.C.G.A. § 18–2–22 is generally construed to allow seven years to avoid transfers of realty." Nonetheless, defendant argues that a four-year statute of limitations should apply here because the plaintiff has requested relief in the alternative, either a recovery of the real property transferred or money damages. Defendant's argument is not persuasive, and the cases cited by defendant are irrelevant to the case at bar. They do not involve real estate, do not involve fraudulent conveyance claims, and simply do not support the proposition that a four-year statute of limitations applies if a plaintiff seeks money damages as an alternative remedy in an action to set aside a fraudulent conveyance of real property.[3]

■ The more interesting question is whether there is a seven-year statute of limitations in Georgia for bringing an action to set aside a fraudulent conveyance of real estate. There is no statutorily defined time period in Georgia for bringing a fraudulent conveyance action. *Mincey v. Milam et al. (In re Milam),* 37 B.R. 865, 867 (Bankr.N.D.Ga.1984). The Georgia fraudulent conveyance statute, GA.CODE ANN. § 18–2–22, contains no statute of limitations.[4] Similarly, there is no statute of

---

**3.** The cases relied on by defendant are *Trust Co. Bank v. Union Circulation Co.,* 241 Ga. 343, 245 S.E.2d 297 (1978), *Shapiro v. Southern Can Co.,* 185 Ga.App. 677, 365 S.E.2d 518 (1988), and *Lodge et al. v. Popham,* 156 Ga. App. 825, 275 S.E.2d 669 (1980).

**4.** While many states have adopted the Uniform Fraudulent Transfer Act ("UFTA"), which has a clearly worded four-year statute of limitations, or the Uniform Fraudulent Conveyance Act, Georgia's statute is patterned after the English Statute of 13 Elizabeth, Chapter 5, enacted by the British Parlia-

limitations specifically applicable to fraudulent conveyance actions as such in the chapter of the Civil Practice Act entitled "Limitation of Actions." Ga.Code Ann. §§ 9–3–1 to –115 (1982 & Supp.2001).[5]

The courts in Georgia, however, have adopted a seven-year statute of limitations for fraudulent conveyance actions involving realty by analogizing the nature of the relief sought to other actions to recover land. The seven-year period seems to have originated with the one-paragraph opinion written by Georgia's first Chief Justice, Chief Justice Joseph Henry Lumpkin, in *Cade v. Burton et al.*, 35 Ga. 280 (1866). This was a case alleging fraud in the sale of land, and the Court held:

> We think, by analogy, that the period of limitations applicable for the fraud is the same as that which would apply to an action for the land, to wit: seven years from the discovery of the fraud; ...

*Burton*, 35 Ga. at 282 (emphasis added). Twenty-seven years later, in 1893, in *Knox et al. v. Yow et al.*, 91 Ga. 367, 376, 17 S.E. 654, 657 (1893), the Supreme Court of Georgia found that the plaintiff's right to set aside a sheriff's deed to recover land was time-barred. The Court stated as follows:

> A prescription under color of title would become complete after the lapse of seven years, and *by analogy*, the period of limitations applicable to the fraud complained of is the same as that which would apply to an ordinary action for the recovery of land, viz. seven years from the discovery of the fraud. This principle was expressly ruled in *Cade v. Burton et al.*, 35 Ga. 280.

*Knox*, 91 Ga. at 376, 17 S.E. at 657 (emphasis added).[6]

In 1915, the Georgia Supreme Court decided *Beasley v. Smith et al.*, 144 Ga. 377, 87 S.E. 293, a fraudulent conveyance action involving land brought by a trustee in bankruptcy alleging that the bankrupt fraudulently conspired with his son and wife to defraud creditors. The suit was brought five years after the transfers. The defendants raised the defense of *laches* and the statute of limitations. The Court recognized that "there is no express statute of limitations for the particular case," but stated:

> Where the effect of a decree is to restore the possession of the land to the complainant, the action for cancellation is governed by the statute of limitations applicable to actions for the recovery of real estate. 6 Cyc. 304. *In this state there is no statute of limitations for the recovery of real estate. An equitable action brought to cancel a deed*, where the decree would have the effect of restoring possession of the land to the complainant, *has been analogized to the rule of law permitting title by adverse*

---

ment in 1570. *See Chattanooga Fed. Sav. & Loan Ass'n v. Northwest Recreational Activities, Inc. et al. (In re Northwest Recreational Activities, Inc.)*, 4 B.R. 36, 39 (Bankr.N.D.Ga. 1980).

**5.** The confusion in the Georgia statute of limitations law is not limited to fraudulent conveyance actions. For a thorough discussion of the unnecessary difficulty in determining statutes of limitations in Georgia, the historical basis for the confusion and suggestions for revising and clarifying the law, *see* Richard W. Creswell, *Statutes of Limitation: Counter-*

productive Complexities, Mercer L.Rev 1, 3 (1985). One of the best proposals is to have a residual limitation period that covers all actions for which no limitation period is prescribed. *Id.* at 16 n. 88.

**6.** The opinion in *Knox v. Yow* was written by Justice Samuel Lumpkin, a grandnephew of Chief Justice Joseph Henry Lumpkin, the author of the opinion *Cade v. Burton*. "Family History, The Lumpkin Line," http://www.piedmontsoftware.com/sandy/genealogy.htm (March 5, 2002).

*possession to be acquired in seven years;* and a suit brought in that time, where there are no special reasons calling for the interposition of an equitable bar, is not barred. *Cade v. Burton,* 35 Ga. 280; *Knox v. Yow,* 91 Ga. 367(5), 375, 17 S.E. 654.

*Beasley,* 144 Ga. at 381, 87 S.E. at 295 (emphasis added). Thus, the courts in Georgia developed a seven-year statute of limitations for fraudulent conveyance actions involving land by analogizing to actions to set aside conveyances of land for fraud which in turn analogize to the time period for adverse possession. *See Jones v. Spindel,* 239 Ga. 68, 235 S.E.2d 486 (1977). *See also* DANIEL F. HINKEL, PINDAR'S GEORGIA REAL ESTATE LAW AND PROCEDURE §§ 12–4, 23–42 (5th ed.1998), and *Swanson v. Swanson,* 269 Ga. 674, 501 S.E.2d 491 (1998). It follows that plaintiff's claims in this case arising out of the transfer of real estate are not time barred, and defendant's motion to dismiss these claims must be denied.

■ The next issue is whether the Trustee's claims for fraudulent conveyances of personal property are time barred and should be dismissed. As is the situation with land, there is no statute of limitations as such in the Georgia Code for fraudulent conveyance claims relating to personalty. However, the Georgia law does have a statute of limitations for recovery of personal property, to wit, GA.CODE ANN. § 9–3–32, which provides as follows:

> **§ 9–3–32. Recovery of personal property; damages for conversion or destruction.**
>
> Actions for recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues.

GA.CODE ANN. § 9–3–32 (1982).

The courts have relied on § 9–3–32 to require that claims to recover property and claims for conversion be brought within four years. *Rowland v. Clarke County School Dist. et al.,* 272 Ga. 471, 532 S.E.2d 91 (2000); *Walden v. Jones,* 252 Ga.App. 692, 556 S.E.2d 566 (2001); *Denham v. Shellman Grain Elevator, Inc.,* 123 Ga. App. 569, 181 S.E.2d 894 (1971). The 1920 case of *Cohen v. George,* 149 Ga. 701, 101 S.E. 803, suggests that four years is the statute of limitations for a claim to set aside the fraudulent conveyance of stock, but the case does not refer to any statute or other authority. Since the Georgia Supreme Court has analogized an action alleging a fraudulent conveyance of land to an action to recover land for purposes of finding a statute of limitations, it similarly makes sense to analogize a claim alleging a fraudulent conveyance of personalty to an action to recover personalty in order to find a statute of limitations. Using this reasoning by analogy, the statute of limitations in Georgia for a fraudulent conveyance action involving personalty would be four years.

Plaintiff's arguments that the Court should apply a longer statute of limitations to the personalty claims are unpersuasive. Plaintiff cites *In re Milam,* 37 B.R. 865, 867 (Bankr.N.D.Ga.1984) to support his contention that a seven-year limitation period should apply to a fraudulent conveyance action involving personal property. However, the only authority relied on in *Milam* for this point is *Beasley v. Smith,* and the Court there applied seven years to the claim to recover real property, not personalty. Finally, plaintiff urges the Court to apply a ten-year statute of limitations, asserting that a party has ten years to bring an action to recover personal property under an implied trust theory and citing *Grant v. Hart, et al.,* 192 Ga. 153, 164, 14 S.E.2d 860, 869–70 (1941). *Grant v. Hart* is easily distinguishable

from the case at bar. *Grant v. Hart* did not involve a fraudulent conveyance claim, but rather involved a claim that the defendant defrauded the plaintiff to obtain plaintiff's valuable stocks. The plaintiff asserted a constructive trust, and the Court relied on a previous version of GA. CODE ANN. § 9–3–27 to apply a ten-year period. The current version of § 9–3–27 of the Georgia Code provides as follows:

### § 9–3–27. Actions against fiduciaries.

All actions against executors, administrators, or guardians, except on their bonds, shall be brought within ten years after the right of action accrues.

GA.CODE ANN. § 9–3–27 (1982 & Supp. 2001).

The prior version of the statute referred to in *Grant v. Hart* included "trustees" as a group of fiduciaries against whom an action could be brought. The case at bar is not against an executor, administrator or guardian, so § 9–3–27 cannot apply. Furthermore, even if the word "trustee" were still in the statute, plaintiff presents no facts to suggest that the defendant is holding property in a constructive trust. Thus, *Grant v. Hart* does not support the plaintiff's argument and a ten-year statute of limitations does not apply to a fraudulent transfer action. The claims here to set aside fraudulent transfers of personalty are more properly analogized to the previously discussed four-year statute of limitations and are accordingly time barred.

In accordance with the above reasoning, defendant's motion to dismiss is granted in part and denied in part. The Trustee's state law fraudulent transfer claims relating to the transfer of personalty (the IRA accounts, the life insurance policy and the stock) are dismissed, but defendant's motion to dismiss the Trustee's claims relating to the transfer of real property must be and is hereby DENIED.