25986. BAGLEY v. BAGLEY.

SUBMITTED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Joseph E. Loggins, Frank M. Gleason*, for appellant.

*Robert Edward Surles*, for appellee.

MOBLEY, Presiding Justice. Mrs. Betty Crowe Bagley appeals from a judgment denying her full custody of her minor child, Kimberly Bagley.

In the divorce action between the appellant and Hairel Bagley, wherein a divorce decree was entered on January 19, 1970, the written contract between the parties was made the judgment of the court. This contract provided for a divided custody of the minor child of the parties, the father to have custody during the

nine months of the school term, the mother to have custody for the three summer months, and each parent to have the child on the weekends during the period the other has custody.

The mother brought a complaint on March 26, 1970, asserting that there had been a substantial change in conditions, materially affecting the welfare of the child, related to her mental and physical health. At the conclusion of the hearing the trial judge held that there had been shown no material change in circumstances authorizing a change in the custody from that agreed by the parties in the divorce action.

Where an award of custody of a minor child has been duly made, it is conclusive on the parties unless there are new and material conditions and circumstances substantially affecting the interest and welfare of the child. *Young v. Young*, 216 Ga. 521 (118 SE2d 82).

The mother relied mainly on the testimony of a psychiatrist and a psychologist, both of whom expressed the opinion that the child's welfare would be best served by the child being with her mother. These witnesses had only examined the child on one occasion, a few days before the hearing, and their testimony was not sufficient to show that any change in condition adversely affecting the child had occurred since the date the issue of custody was determined by the contract of the parties, which was made the judgment of the court.

The remainder of the evidence pertained to the father's care of the child's physical health, and the child's reaction to the dissolution of the marriage of her parents and her adjustment to her new environment after her father married a woman who has three daughters of her own.

The remarriage of the father does not constitute such a change of condition as would authorize modification of the custody award. *Mercer v. Foster*, 210 Ga. 546, 548 (81 SE2d 458). There were conflicts in the evidence as to the child's adjustment to this new situation. The trial judge did not abuse his discretion in determining that the evidence did not show any neglect by the father in caring for the child's health, or any other material change in conditions or circumstances adversely affecting the welfare of the child.

*Judgment affirmed. All the Justices concur.*