## 33699. LINDWALL v. LINDWALL.

MARSHALL, Justice.

The defendant former husband appeals from the judgment holding him in contempt of court for arrearages in alimony payments due the plaintiff former wife. He also enumerates as error the denial of his oral motion to dismiss and his plea of estoppel, which raised the defense of payment in full under the alimony agreement.

1. The alimony agreement, incorporated into the divorce decree, provided for monthly permanent alimony payments to the plaintiff until her death or remarriage. It further provided that, upon the defendant's payment of $20,000 in cash, to be paid to her, then and then only shall the monthly payments terminate. Under the construction of the agreement urged by the defendant, the $20,000 payment could be comprised of the total of the cumulative monthly payments, which total had already amounted to $20,000. However, the trial judge construed the agreement to mean that the $20,000 must be a lump sum payment in addition to the monthly payments already made.

"Words generally bear their usual and common signification . . ." and "the whole contract should be looked to in arriving at the construction of any part." Code Ann. § 20-704 (2, 4) (Ga. L. 1964, pp. 414, 415). The phraseology employed: "upon" the payment "to be made," indicates the contemplation of a single lump sum payment to be made at some time in the future. The likelihood is that, if the monthly payments were to be terminated by the cumulative monthly payments total's reaching a $20,000 maximum, as the appellant contends, the previous provision would have provided simply to the effect that the monthly payments would continue until the former wife shall die or remarry or until a total of $20,000 has been paid. If the contract was ambiguous, the construction put on it by the trial judge sitting as both court and jury can not properly be set aside. *Pidcock v. Nace,* 15 Ga. App. 794 (3) (84 SE 226) (1915). See also *Warrior Constructors, Inc. v. E. C. Ernst Co.,* 127 Ga. App. 839, 840 (195 SE2d 261) (1973) and cits.

2. There was evidence authorizing the trial court's

finding that the plaintiff had not entered into a common-law marriage, which would have terminated the defendant's liability for alimony payments under the agreement. Although some elements of a common-law marriage were present, and, indeed, the plaintiff wife had alleged in a previous lawsuit, which was admitted in evidence, that she and a man with whom she had cohabited "held themselves out as husband and wife on various occasions," nevertheless all of the essential elements, notably mutual consent, were not existent. The lawsuit in evidence was for breach of promise to marry the man in question, which was inconsistent with a finding that they were already in a common-law marriage.

3. Even though the evidence of the plaintiff's voluntary cohabitation with a man subsequent to the final judgment of divorce awarding periodic payment of alimony for her support is grounds to modify provisions made for periodic payments of permanent alimony (Code Ann. § 30-220 (b); Ga. L. 1955, pp. 630, 631; as amended, Ga. L. 1977, pp. 1253, 1254), this would not preclude holding the defendant in contempt. The trial judge had no authority in this contempt proceeding to modify the terms of the divorce and alimony judgment. *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867) (1973). "Code Ann. § 30-220 provides the exclusive method by which the alimony provisions of a divorce decree may be revised or modified." *Meredith v. Meredith,* 238 Ga. 595 (1) (234 SE2d 510) (1977). Subsection (b) of § 30-220, supra, refers to a "petition for modification," indicating that the parties are bound by the previously decreed provisions until they are modified by a separate proceeding instituted by a petition for modification. Thus, this ground cannot be injected in this contempt action as a basis for denying the adjudication of contempt.

The adjudication of the defendant in contempt was not erroneous for any reason contended.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED JUNE 9, 1978 — DECIDED SEPTEMBER 5, 1978.

*Michael Anthony Glean,* for appellant.
*Russell G. Turner, Jr.,* for appellee.