36649. WIMPEY v. POPE.

BOWLES, Justice.

Husband Wimpey and wife Pope were granted a total divorce on February 1, 1978. An agreement between the parties determining all issues of child custody and support, visitation rights and divisions of property was incorporated into the divorce decree. Pope retained custody of the two minor children and Wimpey agreed to pay a total of $120 per month child support. Each party agreed to "be responsible for one half of all medical [sic] not paid by insurance." Each party further agreed "to keep hospitalization on the children at their place of employment."

Additionally each party promised to share equally the monthly payment on the mobile home in which Pope and the two children live. The land on which the mobile home sits is in the children's names. The parties agreed that when the mobile home is fully paid for, title to it would be placed in the children's names.

In October, 1978 Pope remarried. In April, 1980 she filed a motion for contempt against Wimpey, alleging that he was in arrears in payment of child support and in his portion of the mobile home payments. Pope also averred that Wimpey was in arrears in his payment of half of the children's psychologist bills which she argues fall under Wimpey's obligation to provide medical care.

Wimpey answered that Pope had remarried and thus under Code Ann. § 30-209 his obligation to pay alimony in the form of mobile home payments had automatically terminated.

The trial court found Wimpey to be in contempt and

determined the amount of arrearage owed by Wimpey to be $1,359.02. The trial court stated that Wimpey might purge himself by paying this sum to Pope and by continuing to meet all the obligations as set out in the agreement including "paying one-half of any future psychologists bills for the parties minor children."

We granted Wimpey's application to appeal. He enumerates two errors made by the trial court in finding him in contempt.

I. First, Wimpey argues that the trial court erred in finding him in contempt for failure to make the mobile home payments as under Code Ann. § 30-209 his obligation to make them terminated when Pope remarried. This section provides that "all obligations for permanent alimony . . . shall cease upon the remarriage of the party to whom such obligations are owed." Wimpey avers that his portion of the monthly mobile home payments is "in the nature of alimony and not a lump sum property settlement."

"The father's duty to provide support and maintenance for his minor children does not cease with his former wife's remarriage." *Vereen v. Arp,* 237 Ga. 241, 243 (227 SE2d 331) (1976); *McCarty v. Wiggins,* 232 Ga. 711 (2) (208 SE2d 812) (1974). It is obvious that Wimpey is making payments on the mobile home to provide a place for his children to live. As the mobile home payments are in the nature of support for his children which he agreed to, and are not "periodic alimony" for the wife's support, Wimpey's obligation to make them has not terminated.[1] We therefore affirm that portion of the trial court's order finding Wimpey in contempt for not making monthly payments on the mobile home.

II. Wimpey next contends that the trial court erred in conditioning the purging of contempt on Wimpey's payment of half of the children's psychologist bills. He argues that the agreement with Pope to share medical expenses does not contemplate paying for the services of a psychologist. He also argues that under our decision in *Rodgers v. Rodgers,* 234 Ga. 463 (216 SE2d 322) (1975), a psychologist is not a doctor; thus, he posits, an obligation to provide medical care would not include treatment by a psychologist. We agree. While we

---

[1]Even if we were to determine that Wimpey agreed to make the payments on the mobile home for the benefit of his former wife, the total sum that Wimpey has agreed to pay in monthly installments is a precise and fixed amount which can be ascertained by examining the debt instruments. "[P]eriodic payments to be made until a sum certain has been paid is a property settlement." *Duncan v. Duncan,* 239 Ga. 789, 791 (238 SE2d 902) (1977); see also *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 755) (1977). Where periodic payments of a fixed amount constitute a property settlement, the wife's remarriage will not terminate the husband's responsibility to continue making the payments. *Duncan,* supra.

note that a psychiatrist is a doctor who renders "medical" treatment for emotional problems, a psychologist is not. *Rodgers,* supra.

As the agreement in this case did not contemplate the payment of psychologist bills, the trial court erred in requiring Wimpey to pay them in order to purge himself of contempt.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1980 — DECIDED OCTOBER 8, 1980.

*William Earl Glisson,* for appellant.

*Jerry L. Lifsey, Dean Burton Donehoo,* for appellee.