38971. PAUL v. PAUL.

ORDER OF COURT

It appearing that the appellant failed to file an application for discretionary appeal as required by Ga. L. 1979, p. 619 (Code Ann. § 6-701.1), it is ordered that this appeal be hereby dismissed.
*All the Justices concur.*

ORDERED SEPTEMBER 14, 1982 —
REHEARING DENIED OCTOBER 19, 1982.

Alimony. Chatham Superior Court. Before Judge Cheatham.
*Friedman, Haslam, Weiner, Ginsberg, Shearouse & Weitz, Patrick T. O'Connor, Harvey N. Weitz,* for appellant.
*Malberry Smith, Jr.,* for appellee.

---

ON MOTION FOR REHEARING.

WELTNER, Justice.

The parties, formerly husband and wife, entered into an agreement purporting to resolve all matters arising out of their marriage. Subsequently, the agreement was incorporated in a final decree of divorce. Thereafter, the former wife filed a complaint denominated "Petition for Reformation of Contract," in which she sought to "reform" certain aspects of the agreement. The case proceeded to a verdict, and from a judgment thereon and rulings upon certain motions, the former husband filed a direct appeal.

We dismissed for failure to file an application for discretionary appeal as required by Code Ann. § 6-701.1. In his motion for reconsideration, the former husband urges upon us the proposition that the statute does not, by its terms, include a petition for reformation of contract, but is limited to judgments and orders relative to divorce, alimony and child custody, and contempt of such judgments and orders.

His contention is without merit. The respective rights of the parties after the entry of judgment are founded upon the judgment itself, and not upon the underlying agreement. Hence, any efforts to alter those rights must proceed by way of modification of the judgment, which is squarely within the ambit of the statute.

Upon failure to file an application for discretionary appeal, the appeal was properly dismissed.

*Motion for rehearing denied. All the Justices concur.*