42901. LANEY v. WINKLES.
(341 SE2d 854)

BELL, Justice.

The appellant, Kathy Winkles Laney and the appellee, Dennis Winkles, were divorced in April 1984. The final judgment of divorce awarded Kathy and Dennis each an undivided 1/2 interest in the marital residence, and awarded permanent possession and use of the residence to Kathy. The judgment also ordered Dennis and Kathy to each pay 1/2 of the mortgage payments, and directed that the house be sold at the time that the last of the parties' children reached the

age of majority. The proceeds from the sale are to be equally divided between Dennis and Kathy. The court did not specify whether Dennis' obligation with regard to the house payments constituted alimony, child support, or a property division, and did not state whether any obligations would be altered in the event of the remarriage of Kathy.

After the parties' divorce, Kathy remarried. Dennis subsequently filed a declaratory judgment action contending that his obligation to make the house payments was in the nature of alimony and therefore had ceased upon Kathy's remarriage. The trial court agreed with Dennis, and Kathy filed an application for discretionary appeal which was granted by this court. We reverse.

We find that *Wimpey v. Pope*, 246 Ga. 545 (1) (272 SE2d 278) (1980) controls the present case. In *Wimpey*, the parties agreed to share equally the monthly payments on their mobile home in which the wife and the two children lived. When the mobile home was fully paid for, title to it was to be placed in the children's names. The wife remarried and subsequently filed a motion for contempt against the husband, alleging that he was in arrears on his mobile home payments. The husband responded that his obligation to make the mobile home payment was in the nature of alimony and that the wife's remarriage terminated his obligation to make the payments. The trial court disagreed with the husband. On appeal we affirmed, finding that "[i]t is obvious that Wimpey [the husband] is making payments on the mobile home to provide a place for his children to live. As the mobile home payments are in the nature of support for his children . . . , Wimpey's obligation to make them has not terminated." Id. at 546.

Here, because the judgment provides that Dennis' obligation is to terminate at the time the youngest child reaches the age of majority, we find, as we did in *Wimpey*, supra, 246 Ga., that Dennis' obligation to make one-half of the mortgage payments is designed to provide a place for his children to live. Accordingly, we conclude that Dennis' obligation is in the nature of child support, and did not terminate upon Kathy's remarriage. Id. at 546.

*Judgment reversed. All the Justices concur, except Hunt, J., not participating.*

DECIDED APRIL 24, 1986 —
RECONSIDERATION DENIED MAY 6, 1986.

*Thomas M. Witcher, John W. Kilgo,* for appellant.
*Murphy & Murphy, Michael L. Murphy,* for appellee.