S90A0721. SCHERBERGER v. SCHERBERGER.
(398 SE2d 363)

CLARKE, Chief Justice.

In this divorce action, the jury rendered a verdict that appellant/wife was not entitled to alimony; that appellee/husband was to pay child support of $500 per month for each of the three children; that, as equitable division of property, appellant was entitled to the furnishings of the marital home; and that appellee was to sell the marital home and buy two homes, each to be titled in his name. He was to inhabit one home, and the other home was for appellant and the children "until the youngest daughter reaches the age of 18 years, or [appellant] is remarried." The jury's verdict reflects a determination that appellee provide monetary support of $500 per child per month until each child reaches majority, and that appellee provide a home for the

children and their mother until the youngest turned 18 or the mother remarried.

In the final judgment, the trial court incorporated the jury's housing arrangement into the child support portion of the judgment. We granted appellant's application for discretionary review to determine whether the award of a home to appellant and the children until the youngest child turned 18 or the wife remarried constituted an illegal future modification of child support not tied to income fluctuation.

1. The provision in both the jury verdict and the final judgment requiring appellee to provide a home for his children is in the nature of child support. See *Laney v. Winkles*, 255 Ga. 709 (341 SE2d 854) (1986); *Wimpey v. Pope*, 246 Ga. 545 (1) (272 SE2d 278) (1980). OCGA § 19-6-15 provides

> In its final verdict or decree, the trier of fact shall specify in what amount and from which party the minor children are entitled to permanent support. The final verdict or decree shall further specify in what manner, how often, to whom, and *until when the support shall be paid*. (Emphasis supplied.)

In all cases child support must be assessed by some calculation of the needs of the child and the ability of the parent to pay. *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977). Any award, termination, or modification of child support without concern for those issues falls short of the mandate of the law. We construe OCGA § 19-6-15 to mean that the trier of fact may place a time limit on child support but only if it ties it to some financial consideration.

Modification of child support is controlled by the provisions of OCGA § 19-6-19 (a) and is available only upon a change in financial condition. Once the jury has set child support for the entire minority of a child, it cannot provide for a future modification of its award based on non-economic reasons. It cannot be said that the mother's remarriage would cause anything more than the possibility of an enhancement of her financial condition. Not all marriages result in enhanced economic status. Since it establishes a faulty triggering device for modification, the verdict on appellee's housing obligation contains an illegal future modification of child support. *Cabaniss v. Cabaniss*, 251 Ga. 177 (1) (304 SE2d 65) (1983).

Therefore, the trial court erred in entering judgment on this provision in the verdict. The offending provision is declared ineffectual and void. We therefore reverse and remand the case so that the trial court may strike from the judgment the provision that the use of the home terminates upon the wife's remarriage. To the extent that this

court's holding in *Fricks v. Fricks*, 215 Ga. 137 (2) (109 SE2d 596) (1959), expresses a contrary opinion, it is hereby overruled.

2. We have examined the remainder of appellant's enumerations of error and find them without merit.

*Judgment reversed and remanded with direction. All the Justices concur, except Benham, J., who dissents.*

Benham, Justice, dissenting.

I disagree with the majority's conclusion that the jury verdict and the trial court's final judgment on appellee's housing obligation constituted an illegal future modification of child support. OCGA § 19-6-15 provides

> In its final verdict or decree, the trier of fact shall specify in what amount and from which party the minor children are entitled to permanent support. The final verdict or decree shall further specify in what manner, how often, to whom, and *until when the support shall be paid.* [Emphasis supplied.]

Thus, the jury may provide for the termination of child support payments before a child reaches its majority. *Fricks v. Fricks*, 215 Ga. 137 (2) (109 SE2d 596) (1959).[1] In the case at bar, the jury's final verdict reflects a determination that appellee provide monetary support of $500 per child per month until each child reaches majority, and that appellee provide a home for the children and their mother until the youngest turns 18 or the mother remarries. It was well within the jury's province to provide for a termination of the housing provision prior to the majority of the children, and to provide that appellant's remarriage serve as the factor for termination. Id.[2] While the majority holds that the jury illegally *modified* child support, I see only that the jury made an *award* of child support, the monetary portion of which covers the children through their minority, and the housing portion of which is terminable, under OCGA § 19-6-15, prior to their attainment of majority. I cannot endorse the majority's judicial amendment to OCGA § 19-6-15, and I would not overrule *Fricks v. Fricks*, supra, in an effort to conform case law to the new version of

---

[1] Of course, a parent's legal obligation to support his/her children does not terminate prior to the child's majority or emancipation. OCGA § 19-7-2.

[2] The settlements entered into by the parties in *Wimpey v. Pope*, 246 Ga. 545 (1) (272 SE2d 278) (1980), and *Laney v. Winkles*, 255 Ga. 709 (341 SE2d 854) (1986), did not provide that the obligation undertaken by the father to provide a home for the children would terminate prior to the children attaining majority. In the absence of specific provisions to the contrary, the child support terminates upon the marriage or majority of the child. *Golden v. Golden*, 230 Ga. 867 (3) (199 SE2d 796) (1973).

the statute handed down today.

Since I believe the jury verdict on appellee's housing obligation did not contain an illegal future modification of child support (compare *Cabaniss v. Cabaniss*, 251 Ga. 177 (1) (304 SE2d 65) (1983), I would affirm the judgment of the trial court.

I respectfully dissent.

DECIDED DECEMBER 4, 1990 —
RECONSIDERATIONS DENIED DECEMBER 19, 1990.

*Wall & Noonan, W. Alford Wall, Barbara B. Barker,* for appellant.

*Alston & Bird, Jay D. Bennett, John E. Stephenson, Jr.,* for appellee.

