## S91A0572. LOCKRIDGE v. RABUN.
### (405 SE2d 874)

SMITH, Presiding Justice.

Based upon the trial court's findings of fact and conclusions of law, this case is controlled by *Lewis v. Lewis,* 258 Ga. 617 (373 SE2d 18) (1988) and is affirmed.

*All the Justices concur, except Bell, J., who concurs in the judgment only; Hunt and Fletcher, JJ., who dissent. Weltner, J., disqualified.*

HUNT, Justice, dissenting.

I respectfully dissent because in my view the husband's obligation to pay the second mortgage on the marital home is part of the property division between the parties, is not "in the nature of support," and is dischargeable in bankruptcy. The trial court, citing *Wimpey v. Pope,* 246 Ga. 545, 546 (1) (272 SE2d 278) (1980) held the husband's obligation is "in the nature of support" and, accordingly, is not terminated by the subsequent remarriage of the wife, and is not dischargeable in bankruptcy. In *Wimpey v. Pope,* this court found the husband's obligation to be in the nature of support where the parties agreed to share equally the monthly payments on their home in which the wife and children lived, and, when the home was fully paid for, title was to be placed in the children's names.

Here, however, all the evidence indicates the husband's obligation is not in the nature of support. The language in the settlement agreement, incorporated in the parties' divorce decree, regarding the marital home, the wife's obligation to pay the first mortgage on it, and the husband's obligation to pay the second, are all contained in Section 5, titled Division of Real Property, which follows Section 4, Division of Personal Property, and Section 3, Child Support (requiring the husband to pay $750 per month for the minor children until all three children reach the age of 18 or until all three no longer reside with the wife). Moreover, the wife received fee simple title to the

home, and the husband's obligation to pay the second mortgage is not conditional to any event involving the children, nor is there language tying the husband's obligation to pay the second mortgage to support for the children. Under these circumstances, *Lewis v. Lewis*, 258 Ga. 617 (373 SE2d 18) (1988) does not control, and I would reverse the decision of the trial court.

I am authorized to state that Justice Fletcher joins in this dissent.

DECIDED MAY 13, 1991.

*Crumbley & Crumbley, James Troy Chafin III*, for appellant.
*Larry King*, for appellee.