## S96A0399. DOUGLAS v. COOK.
### (469 SE2d 656)

HUNSTEIN, Justice.

Joyce Douglas f/k/a Joyce Cook and Randy Cook were divorced in June 1993. The parties' settlement agreement and an addendum thereto, which were incorporated into the divorce decree, provided, inter alia, that the parties would receive an equal share of the net proceeds from the sale of the marital home and property should Cook ever sell it; that Cook would pay Douglas a monthly installment of $200, due the first of each month for the seven-year period between August 1, 1995 and August 1, 2002; that the parties would share custody of the couple's two children; that Cook would be responsible for the children's health care; and that Douglas would have the right to claim the children as tax exemptions.

Five months later, Cook filed a petition to modify, seeking full custody of the children and alleging that a mutual mistake had been made in the settlement agreement and addendum. Cook also moved to have his alimony obligation terminated in light of Douglas' remarriage. After a hearing on the matter, the trial court entered an order which, in pertinent part, left the parties in joint custody of the children; granted Cook full ownership of the former marital residence;

held that Douglas' acquisition of $9,000 in personal property from Cook constituted "a full and final payment of any equity due" from the home; relieved Cook of any alimony obligation; made Douglas responsible for half of the children's health care; and allowed Cook to claim one child as a tax exemption. We granted Douglas' application to appeal from this order and reverse.

1. There was no limitation or contingency, such as remarriage or death, upon the provision for Cook's payment to Douglas of the monthly payment of $200 for a definite seven-year period. This monthly installment provision was clearly a lump sum alimony award, as opposed to periodic alimony, and thus did not terminate upon Douglas' remarriage. *Winokur v. Winokur*, 258 Ga. 88 (1) (365 SE2d 94) (1988). The trial court erred by relieving Cook from his responsibility to make these payments.

2. A trial court can reform a divorce decree based on mutual mistake in those limited instances where both parties agree completely as to what their intent was and that the settlement agreement incorporated into the decree failed to reflect that intent. *Park v. Park*, 233 Ga. 36 (209 SE2d 584) (1974); *Smith v. Smith*, 230 Ga. 238 (196 SE2d 437) (1973). Otherwise, the law is well settled that alimony and child support provisions in a divorce decree can be changed only through the procedures set forth in OCGA §§ 19-6-18 and 19-6-19 for the modification of a divorce decree. *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995) (child support); *Lindwall v. Lindwall*, 242 Ga. 13 (3) (247 SE2d 752) (1978) (alimony). OCGA § 19-6-19 is not authority for the modification or revision of judgments for equitable division of property. *Holler v. Holler*, 257 Ga. 27 (354 SE2d 140) (1987).

In the instant case, the parties were in complete agreement that the monthly installment provision was intended to replace, rather than supplement, the provision granting Douglas an equal share in the proceeds from the sale of the martial residence and realty. Despite this stipulation, the trial court treated the monthly installment payment solely as periodic payment terminable upon remarriage (but see Division 1, supra), and held Douglas' acquisition of $9,000 in personalty from the home to be full payment for Douglas' equitable property interest in the realty. Reformation of the decree in this regard was error given the sharp dispute between the parties over the basis for Douglas' removal of the furniture from the home.[1] See *Park v. Park*, supra at 38 (reformation not proper where factual disputes exist); see generally *Prince v. Friedman*, 202 Ga. 136 (1) (42 SE2d 434) (1947). However, the trial court's ruling in this regard was harm-

---

[1] We note that the hearing transcript supports Douglas' claim that Cook failed to identify the personal property or establish how he arrived at the valuation of $9,000.

less, given the parties' stipulation that the monthly installment provision had replaced the provision regarding disposition of the equity in the marital residence.

3. The trial court also erred in its rulings regarding the change in tax exemptions and responsibility for health care. Modification of a decree in regard to child support payments requires satisfactory proof of a change in the income and financial status of either former spouse or in the needs of the child or children. OCGA § 19-6-19. A review of the hearing transcript reveals that Douglas disputed the need for any modification and that the sole evidence of change adduced by Cook was the fact of Douglas' remarriage. That evidence was not sufficient to support modification of the divorce decree provisions regarding these matters. See *Scherberger v. Scherberger*, 260 Ga. 635, 636 (1) (398 SE2d 363) (1990) (remarriage causes nothing more than "the possibility of an enhancement" of the party's financial condition, since "[n]ot all marriages result in enhanced economic status"). See also *Bagley v. Bagley*, 226 Ga. 742 (177 SE2d 255) (1970). To the extent the trial court's ruling may have been based upon a reformation of the contract, that ruling was error for the reason set forth in Division 2, supra.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 6, 1996.

*Howard E. Yancey, Jr.,* for appellant.
*Charles R. Reddick,* for appellee.