### S97A1421. MEHDIKARIMI v. EMADDAZFULI.
(490 SE2d 368)

CARLEY, Justice.

Ali Reza Mehdikarimi (Husband) and Maryam Emaddazfuli (Wife) entered into a settlement agreement which the trial court incorporated into the 1988 final divorce decree dissolving their marriage. Under the terms of that incorporated settlement agreement, the decree awarded custody of the couple's two children to Husband and ordered Wife to pay $110 per week in child support.

In 1995, Wife sought and obtained a modification which changed child custody to her and required Husband to pay child support. In 1996, Husband instituted continuing garnishment proceedings, seeking to recover the arrearage due on child support awarded under the original divorce decree. After filing a traverse in the garnishment action, Wife brought a "complaint to void settlement agreement incorporated into final judgment and decree of divorce" and prayed that the trial court set aside the final divorce decree on the ground of duress. Under OCGA § 9-11-60 (f), a motion to set aside a judgment, on grounds other than lack of subject matter or personal jurisdiction, must be brought within three years from the entry thereof. Although Husband did not affirmatively plead this statute of limitation defense in his answer, he did raise it in a subsequent motion for summary judgment. In response to Husband's summary judgment motion, Wife asserted that OCGA § 9-11-60 (f)'s three-year statute of limitations was inapplicable to her action. The trial court denied

Husband's motion for summary judgment and proceeded to hold a bench trial. Although the trial court did not expressly set aside the underlying 1988 divorce decree, it did "void the . . . settlement agreement as being unconscionable, executed pursuant to fraud and duress. . . ." Based upon that holding, the trial court further concluded that no judgment for money was valid against Wife and that Husband's garnishment proceeding was precluded. We granted Husband's application for a discretionary appeal to determine whether the trial court erroneously set aside part of the 1988 final divorce decree more than three years after its entry.

1. According to Wife, Husband waived any statute of limitation defense by failing to raise it in his answer. A party does not waive that defense where, as here, he raises it by written motion for summary judgment prior to the entry of a pretrial order. *Gaul v. Kennedy*, 246 Ga. 290, 291 (1) (271 SE2d 196) (1980); *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346 (2) (a) (173 SE2d 723) (1970). Compare *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986) (defense first raised orally at hearing on motion for summary judgment).

2. Wife contends that OCGA § 9-11-60 (f)'s three-year statute of limitations is inapplicable because she seeks only to void the settlement agreement as an independent contract. The applicable statute of limitation for bringing suit to void a contract on the ground of duress is seven years. *Knight v. Dept. of Transp.*, 239 Ga. 368, 370 (3) (236 SE2d 826) (1977). After Wife's execution of the settlement agreement in 1988, more than seven years passed before she filed this action in 1996. Therefore, even if Wife's action could be construed as addressing only the validity of the settlement agreement itself, rather than the final divorce decree into which it was incorporated, the applicable statute of limitation nevertheless has run.

Moreover, voiding the settlement agreement as an independent contract could have no effect on the validity of the final divorce decree itself. "The respective rights of the parties after the entry of judgment are founded upon the judgment itself, and not upon the underlying agreement." *Paul v. Paul*, 250 Ga. 54, 55 (296 SE2d 48) (1982) (On Motion for Rehearing). Thus, voiding only the settlement agreement would not negate Wife's obligation to pay child support and Husband's right to enforce that obligation. Wife's obligation and Husband's right can be affected only by means of an action addressing the underlying divorce decree itself. Pursuant to OCGA § 9-11-60 (f), an action to set aside, on the ground of duress, that portion of the divorce decree which obligated Wife to pay child support would have to be brought within three years of its entry in 1988. *Murphy v. Murphy*, 263 Ga. 280 (430 SE2d 749) (1993). Because Wife did not bring this action within that applicable period of limitation, the trial court

erred in voiding her obligation for child support and in precluding Husband's garnishment proceeding to enforce that obligation.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Mann, Bracken, Layng & Knezo, W. Christopher Bracken III,* for appellant.

*Barbara Jean Mastin,* for appellee.