## S98A1695. WINGARD v. PARIS.
(511 SE2d 167)

THOMPSON, Justice.

This case is before the court pursuant to the grant of an application for discretionary appeal in an action for modification of child support. We inquired whether a trial court can refuse to grant an upward modification of child support where the supporting spouse's income is substantially increased, simply because the custodial parent has not shown that the needs of the minor child have changed. We answer in the negative and reverse the judgment of the trial court.

Carol Paris Wingard brought an action against Ray Benjamin Paris, her former husband, for modification of child support. Wingard, the custodial parent of the parties' minor child, asserted that Paris' income and financial status had changed warranting an upward modification in child support. The case was tried without a jury and the trial court found that there had been a substantial increase in the income of Paris which could have authorized the trial court to increase the current level of child support. Nonetheless, the trial court denied Wingard's petition on the basis that she failed to carry her burden of proof because she did not submit evidence showing that the child's needs exceeded the current child support award.

Modification of a permanent award of child support is governed by OCGA § 19-6-19 (a), which provides that an award "shall be subject to revision upon . . . showing a change in the income and financial status of either former spouse *or* in the needs of the child or children." (Emphasis supplied.) Here, the trial court failed to give meaning to the statutory word "or," and erroneously imposed an additional burden on Wingard by requiring her to prove both a change in financial status as well as a change in the child's needs.

The showing of a change in financial status or a change in the needs of the child under OCGA § 19-6-19 (a) is a *threshold* requirement. See *Pearson v. Pearson,* 265 Ga. 100, 101 (454 SE2d 124) (1995). In a modification proceeding, the trial court must first determine whether there has been such a change in financial status or the child's needs "as would support a *reconsideration* of the level of [the supporting spouse's] obligation to provide financial support for the parties' child." (Emphasis supplied.) *Miller v. Tashie,* 265 Ga. 147,

149 (2) (454 SE2d 498) (1995).

After the trial court finds satisfactory proof of a change in financial status, it must reconsider the amount of child support under the guidelines of OCGA § 19-6-15 (b). See *Pearson v. Pearson,* supra at 101. As this court has recognized, the child support guidelines apply not only to initial determinations of child support, but also to modification actions, and "'are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support.' [Cit.]" *Ehlers v. Ehlers,* 264 Ga. 668, 669 (1) (449 SE2d 840) (1994).

The trial court's reliance on *Scherberger v. Scherberger,* 260 Ga. 635 (398 SE2d 363) (1990), is misplaced. *Scherberger* involved an initial award of child support that contained a provision for the future modification of that award tied to the remarriage of the custodial parent. We held that future modification based on the custodial parent's remarriage established a faulty triggering device because it was not dependent on a financial consideration as required by OCGA § 19-6-15. Id. at 636. In the present case, a petition for modification is at issue and not an initial award of child support which incorporated a provision for future modification. Moreover, since *Scherberger,* the legislature has amended OCGA § 19-6-15 (b) (5), Ga. L. 1994, p. 1728, § 1, by providing that the support guidelines create a "rebuttable presumption that the amount of the support awarded is the correct amount of support to be awarded." That presumption may be rebutted by a "specific finding . . . that the application of the guidelines would be unjust or inappropriate in a particular case." OCGA § 19-6-15 (b) (5).

Here the trial court did correctly find that the "substantial increase" in the income of the defendant "could authorize this court to increase the current level of child support ordered to be paid by the defendant." The trial court then should have made a specific finding that the applicable percentage range of gross income in OCGA § 19-6-15 (b) (5) indicated a certain dollar amount of child support. At that point, the trial court would have been authorized to "vary the final award of child support" by finding one or more of the special circumstances enumerated in OCGA § 19-6-15 (c). *Ehlers,* supra at (2).

Looking to the unambiguous language of OCGA § 19-6-19 (a), an award of child support provided for in OCGA § 19-6-15 (b) (5) may be revised by showing either a change in financial status of either former spouse or a change in the needs of the child. Since OCGA § 19-6-19 (a) clearly provides for alternative methods of proof, a movant is not required to prove both. Upon remand, the court must apply the guidelines and *either* award the increased child support mandated by those guidelines *or* find special circumstances which authorize a deviation from the guidelines.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Maxine Hardy,* for appellant.
*Hirsch, Partin, Grogan & Grogan, Milton Hirsch,* for appellee.