## S12A0559. HARDIGREE v. SMITH.
### (728 SE2d 633)

MELTON, Justice.

Katherine Hardigree (Wife) and Charles Smith, Jr. (Husband), were married on April 3, 1993, and divorced pursuant to a Final Decree on June 1, 2010. The Final Decree incorporated a Settlement Agreement that the parties had entered into on March 29, 2010. The Settlement Agreement stated, with no further restrictions, that "Husband will pay to wife monthly alimony of $2,000.00 per month for 120 consecutive months beginning April 1, 2010." On June 12, 2011, Wife remarried, and, on July 1, 2011, Husband stopped making alimony payments to Wife. On July 18, 2011, Wife filed a motion for contempt based on Husband's alleged willful failure "to pay the lump sum alimony that he [had] agreed to pay [Wife] in the Settlement Agreement." Husband denied that his alimony obligation was for lump sum alimony, and, on August 31, 2011, the trial court ruled in Husband's favor, finding that Husband's alimony obligation was for permanent periodic alimony that terminated upon Wife's remarriage. Wife appeals from this ruling, and, for the reasons that follow, we reverse the trial court's erroneous ruling with respect to Husband's alimony obligation and remand the case to the trial court for a proper consideration of Wife's motion for contempt.

As this Court has made clear, where

> the alimony provision set forth in the trial court's order "state[s] the exact amount of each payment and the exact number of payments without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony payable in installments," rather than permanent alimony.

(Citation and footnote omitted.) *Patel v. Patel*, 285 Ga. 391, 392 (1) (b) (677 SE2d 114) (2009). Here,

> [t]here was no limitation or contingency, such as remarriage or death, upon the provision for [Husband's] payment to [Wife] of the monthly payment of [$2,000] for a definite [ten]-year period. This monthly installment provision was clearly a lump sum alimony award, as opposed to periodic alimony, and thus did not terminate upon [Wife's] remarriage.

(Citation omitted.) *Douglas v. Cook*, 266 Ga. 644, 645 (1) (469 SE2d 656) (1996).

The trial court therefore erred as a matter of law in concluding that Husband's alimony obligation was for permanent alimony that terminated upon Wife's remarriage. See id.

Accordingly, we reverse the trial court's ruling with respect to Husband's alimony obligation and remand this case to the trial court for a proper consideration of Wife's motion for contempt consistent with the legal principles outlined above. See *Baars v. Freeman*, 288 Ga. 835, 838 (2) (a) (708 SE2d 273) (2011) (remand appropriate where "the [trial court's contempt] ruling rests on an erroneous legal premise") (citation and punctuation omitted).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 18, 2012.

*James L. Ford, Sr.*, for appellant.
*Barry L. Fitzpatrick, Regina M. Quick*, for appellee.