## S16F1062. MYLES v. MYLES.

(794 SE2d 56)

HINES, Presiding Justice.

Pursuant to Rule 34 (4) of this Court, Michael A. Myles ("Husband") was granted a discretionary appeal from the superior court's orders setting aside, in part, a final judgment and decree of divorce, and amending the final judgment of divorce. For the reasons that follow, we reverse.

Rosa Ann Thompson Myles ("Wife") and Husband were married in 1978. In 2008, Husband filed a complaint for divorce in the Superior Court of Richmond County, and on March 25, 2009, the trial court entered a final judgment and decree of divorce. After a proceeding in which Wife was held in contempt, she filed on December 5, 2013, a motion to set aside the March 25, 2009 judgment and decree under OCGA § 9-11-60 (d),[1] claiming, inter alia, that in his 2008

---

[1] OCGA § 9-11-60 reads:

(a) **Collateral attack.** A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section.

(b) **Methods of direct attack.** A judgment may be attacked by motion for a new trial or motion to set aside. Judgments may be attacked by motion only in the court of rendition.

(c) **Motion for new trial.** A motion for new trial must be predicated upon some intrinsic defect which does not appear upon the face of the record or pleadings.

(d) **Motion to set aside.** A motion to set aside may be brought to set aside a judgment based upon:

(1) Lack of jurisdiction over the person or the subject matter;

(2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

(e) **Complaint in equity.** The use of a complaint in equity to set aside a judgment is prohibited.

(f) **Procedure; time of relief.** Reasonable notice shall be afforded the parties on all motions. Motions to set aside judgments may be served by any means by which an original complaint may be legally served if it cannot be legally served as any other motion. A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Motions for new trial must be brought within the time prescribed by law. In all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.

(g) **Clerical mistakes.** Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

(h) **Law of the case rule.** The law of the case rule is abolished; but generally judgments and orders shall not be set aside or modified without just cause and, in

financial affidavit, Husband failed to disclose his interest in certain real properties. Husband filed a brief in opposition to the motion to set aside the judgment and decree, contending that the three-year statute of limitation barred any such claim under OCGA § 9-11-60 (f).

The trial court entered an order on September 26, 2014, granting the motion to set aside the judgment,[2] and on August 28, 2015, entered an order finding that, prior to the final judgment and decree of divorce, Husband made misrepresentations about supplemental income as an electrician, and that he failed to disclose his ownership interests in real property, and imputing to Husband income during the period of the marriage. The trial court found that these acts satisfied the fraud provision of OCGA § 9-11-60 (d) (2), and held that the three-year "statute of limitation" of OCGA § 9-11-60 (f) was tolled until Wife became aware that Husband possessed certain previously undisclosed funds.

However, the motion to set aside the judgment under OCGA § 9-11-60 (d) was filed in the trial court more than three years after the 2009 judgment. As this Court noted in *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993),

> [OCGA § 9-11-60] (f) establishes the exclusive time limitation for when a judgment is attacked by a motion to set aside. It provides that a judgment void for lack of subject matter or personal jurisdiction may be attacked at any time, and further provides that in "all other instances," a motion to set aside a judgment must be filed within three years of entry of the judgment. This language is susceptible to only one interpretation. It plainly provides that the only judgments subject to attack after more than three years are those which lack subject matter or personal jurisdiction.

Id. (Footnote omitted.) See also *Jones v. Jones*, 298 Ga. 762, 765 (1) (787 SE2d 682) (2016); *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428, 429 (2) (490 SE2d 368) (1997). There is no contention that the trial court lacked subject matter or personal jurisdiction when it issued

---

setting aside or otherwise modifying judgments and orders, the court shall consider whether rights have vested thereunder and whether or not innocent parties would be injured thereby; provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.

[2] Husband filed in this Court an application for discretionary appeal from this order, but the application was denied for failure to follow the interlocutory procedures of OCGA § 5-6-34 (b). See *Edge v. Edge*, 290 Ga. 551, 552 (722 SE2d 749) (2012).

the 2009 final judgment and decree of divorce. Accordingly, as the motion to set aside the judgment was filed outside the exclusive time limitation for such a motion, the trial court's order setting aside the judgment, as well as its subsequent order, must be reversed.

*Judgments reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Tucker Long, John B. Long*, for appellant.
Rosa A. Myles, *pro se*.