302 Ga. 111
FINAL COPY

S17A0966. LOCKAMY v. LOCKAMY.

MELTON, Presiding Justice.

We granted an application for interlocutory appeal in this case to determine whether the trial court erred when it granted Margie Lockamy's ("Wife") motion to reform a divorce decree by awarding her permanent periodic alimony where the original divorce decree did not award her alimony. See Douglas v. Cook, 266 Ga. 644, 645 (2) (469 SE2d 656) (1996). As explained more fully below, because Wife failed to file her motion in a timely manner, we must reverse the trial court's decision based on the untimeliness of Wife's effort to reform the original decree, and we need not address the merits of the case.

By way of background, Ricky Lockamy ("Husband") and Wife were divorced on September 11, 2009, pursuant to a final decree that incorporated the parties' settlement agreement. The settlement agreement provided that Wife

would receive 40% of Husband's "military retirement" payments (but that her share of the military retirement payments would never be less than $1,274 per month). The trial court awarded these payments as an equitable division of marital property, and it did not award any alimony to Wife.

In March 2010, the Navy informed Husband that the payments he thought were for military retirement were actually disability benefit payments and that those payments could not be divided with Wife. As a result, Husband promptly stopped making payments to Wife provided under the "military retirement" provision of the settlement agreement. Six years later, on April 22, 2016, Wife filed a motion to reform the divorce decree to provide for the original 60% to 40% division of the payments from the Navy that the parties originally thought were for Husband's retirement. The trial court determined, among other things, in an order entered on October 13, 2016, that, because Husband's disability benefits could not be divided as marital property, it would enforce the parties' original intent to divide those payments by reforming the decree to award alimony to Wife in the amount of $1,400 per month.

The trial court was not authorized to modify the divorce decree pursuant to Wife's motion, as the motion to reform the decree was untimely. While a

2

settlement agreement, like any contract, may be reformed based on a mutual mistake of the parties (see Douglas, supra), once the settlement agreement is incorporated into a final decree, a party may not attack that judgment by seeking to change the settlement agreement. The party must attack the judgment itself through one of the acceptable means outlined in OCGA § 9-11-60. Mehdikarimi v. Emaddazfuli, 268 Ga. 428, 429 (2) (490 SE2d 368) (1997). Indeed, "voiding the settlement agreement as an independent contract could have no effect on the validity of the final divorce decree itself[, as] [t]he respective rights of the parties after the entry of judgment are founded upon the judgment itself, and not upon the underlying agreement." (Citation and punctuation omitted.) Id. Once the settlement agreement has been incorporated into a final decree, the parties' obligations "can be affected only by means of an action addressing the underlying divorce decree itself." Id.

In this regard, Wife was not authorized to file an actual petition for a revision of "alimony" here, as it is undisputed that she was not awarded alimony in the original divorce decree. See OCGA § 19-6-21 ("A petition authorized in subsection (a) of Code Section 19-6-19 [regarding the revision of a judgment for permanent alimony] can be filed only where a party has been

3

ordered . . . to pay permanent alimony . . . and not where the former spouse of such party has been given an award from the corpus of the party's estate in lieu of such periodic [alimony] payment").[1] Instead, in order to challenge the final decree under the circumstances of this case, she had to directly attack the judgment itself through a timely filed motion pursuant to OCGA § 9-11-60:

> A judgment may be attacked by motion for a new trial or motion to set aside. . . . A motion to set aside may be brought to set aside a judgment based upon: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings. . . . A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Motions for new trial must be brought within the time prescribed by law [i.e., generally within 30 days of the entry of the

---

[1] Of course, if Wife had been awarded alimony in the original decree, she could have moved to modify such an award consistent with the terms of OCGA § 19-6-19. However, because she was not awarded alimony, her action here is really one to create an entirely new judgment to replace the original one that treated Husband's payment obligation to Wife as an equitable division of property rather than permanent periodic alimony. In this regard, contrary to Wife's arguments, her action was not simply one to modify the existing terms of a divorce decree. This is not to say, however, that Wife could not pursue enforcement of the existing terms of the divorce decree to collect any payments to which she is entitled out of the military retirement benefits that Husband is currently receiving and that Husband has failed to pay under the original terms of the decree. But we cannot address the potential merits of any such claim, as that issue is not currently before us in this appeal.

4

judgment (OCGA § 5-5-40)]. *In all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.*

(Emphasis supplied.) OCGA § 9-11-60 (b), (d), and (f).

Because this case does not involve a void judgment that could be attacked at any time, Wife was required to file her motion to attack the September 11, 2009 divorce decree "within three years from entry of the judgment." OCGA § 9-11-60 (f); Mehdikarimi, 268 Ga. at 429 (2). See also Myles v. Myles, 300 Ga. 261 (794 SE2d 56) (2016) (a wife's failure to discover her husband's alleged fraud in obtaining final divorce judgment did not toll three-year period within which to file motion to set aside final judgment as "a motion to set aside a judgment *must* be filed within three years of entry of the judgment[, and the] language [in OCGA § 9-11-60 (f) requiring such filing] is susceptible to only one interpretation") (citations and punctuation omitted; emphasis supplied). In other words, she had until September 11, 2012 to file her motion to set aside the decree in this case. Because Wife did not file her action until April 22, 2016, it was untimely, and the trial court erred by granting Wife's motion to reform the original decree. See id. See also Mehdikarimi, supra; Riddle v. Miller, 242 Ga. 231 (248 SE2d 616) (1978).

Judgment reversed. All the Justices concur.

Decided September 13, 2017.

Domestic relations. Camden Superior Court. Before Judge Scarlett.

Garnett Harrison, Jacqueline N. Fortier, for appellant.

Andrews & Sanders Law Offices, Richard A. Sanders, Jr., for appellee.