**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 1, 2018**

# In the Court of Appeals of Georgia

A18A0137. MOORE v. MOORE.

ELLINGTON, Presiding Judge.

Thaddeus L. Moore ("Appellant") and Heather C. Moore ("Appellee") divorced in 2009. The divorce decree, through the settlement agreement incorporated therein, provided that the parties share joint legal custody of their minor child and that Appellee have primary physical custody of the child subject to Appellant's visitation rights. The parties also agreed that Appellant pay child support. In July 2016, Appellee filed a petition for modification of child custody.

The modification petition shows that the parties' child had expressed the desire to live with Appellee and that she be allowed to visit and communicate with Appellant only at the child's discretion. Appellant agreed at the petition hearing that the child, then 14 years old, could choose when she would visit him. In its final order,

the trial court awarded sole legal and physical custody of the child to Appellee and ordered that the child would decide whether to visit with Appellant. The trial court also modified the Appellant's child support obligations. On appeal, Appellant contends that the trial court erred: (i) in awarding sole legal custody of the child to Appellee, (ii) in failing to incorporate a parenting plan into its final order, (iii) in modifying his child support obligation without making a finding that there had been a substantial change in the financial circumstances of the parties or a change in the needs of the child, (iv) in not incorporating the child support work sheets into the final order, and (v) ordering that he pay a percentage of his future bonuses as child support.[1] For the reasons that follow, we affirm in part, vacate in part, and remand the case with direction.

1. Appellant contends that the trial court erred in granting Appellee sole legal custody of the parties' minor child. He argues that, while he was put on notice of the issue of physical custody, legal custody of the child was not raised by the pleadings, nor was the issue of legal custody tried by the express or implied consent of the parties. Therefore, he maintains, he was never afforded an opportunity to address the

_____

[1] Although she was represented by counsel below, Appellee is now pro se and has not filed a response brief.

matter of legal custody by introducing evidence concerning his ability to assist in making legal decisions for the minor child. "[W]hen parents dispute the issue of custody of a child, a trial court has very broad discretion, looking always to the best interest of the child." (Citation and punctuation omitted.) *Autrey v. Autrey*, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010).

In the modification petition, Appellee asked the court, among other things, to "grant *primary legal* and primary physical custody of the minor child to the [Appellee]." (Emphasis supplied.). In his testimony, Appellant acknowledged that he understood from the petition that "one-hundred-percent full custody of" the child was at issue. The record shows that Appellant had the opportunity to assert defenses to Appellee's request that she be awarded legal custody of the child. Compare OCGA § 9-11-54 (c) (1) ("[T]he court shall not give the successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated *and the opposing party had no opportunity to assert defenses to such relief*.") (emphasis supplied). Accordingly, he shows no error.

2. Appellant claims that the trial court erred in failing to incorporate a parenting plan into its final custody order. OCGA § 19-9-1 (a) provides, in applicable part, that "[t]he final order in any legal action involving the custody of a child,

including modification actions, *shall incorporate* a permanent parenting plan as further set forth in this Code section[.]" (Emphasis supplied.). However, "a separate court order exclusively devoted to a parenting plan shall not be required." Id.

In this case, although Appellant's visitation is subject to the election of the child, and the trial court awarded Appellee sole legal and physical custody of the child, Appellant's parental rights have not been terminated. "[T]he parenting plan must include several details beyond custody and visitation, including, among many things, the rights of both parents to access the child's records and information related to education, health, health insurance, extracurricular activities, and religious communications. OCGA § 19-9-1 (b) (1) (D)." (Footnote omitted.) *Williams v. Williams*, 301 Ga. 218, 224 (3) (800 SE2d 282) (2017). As the trial court failed to incorporate a parenting plan in the final order, the judgment must be vacated in part and the case remanded for compliance with the requirements of OCGA § 19-9-1. See *Williams v. Williams*, 301 Ga. at 224 (3).

3. Appellant contends that the trial court erred in modifying his child support obligation without making a finding that there had been a substantial change in the financial circumstances of the parties or a change in the needs of the child. OCGA § 19-6-15 (k) (1) contemplates that "a parent shall not have the right to petition for

4

modification of the child support award . . . unless there is a substantial change in either parent's income and financial status or the needs of the child." As the Supreme Court of Georgia has explained, "the showing of a change in the parent's financial status or a change in the needs of the child is a threshold requirement in a modification action." (Citation and punctuation omitted.) *Wetherington v. Wetherington*, 291 Ga. 722, 725 (2) (a) (732 SE2d 433) (2012). See *Wingard v. Paris*, 270 Ga. 439, 439 (511 SE2d 167) (1999) (accord).

Appellee's petition asked that she be awarded "permanent child support in compliance with Georgia Statutory Guidelines." Under the settlement agreement incorporated into the divorce decree, the parties agreed that Appellee would accept a monthly payment from Appellant in the amount of $400 notwithstanding that the child support worksheets showed that the non-custodial parent should pay child support in the amount of $746.83. Thus, the petition's request that Appellant be ordered to pay monthly child support consistently with the statutory guidelines required that the trial court modify Appellant's obligations under the divorce decree. At the outset of the petition hearing, Appellant's attorney announced that "we are consenting to what [Appellee] requested and her prayers in her petition." The parties then presented evidence pertinent to the amount of support. Appellant's trial counsel

5

later represented that "the parties have never had an with issue paying child support. It's just now the calculations of that."

In light of the foregoing, Appellant consented to the modification of his monthly child support obligation, although he disputed the amount that he should be required to pay under the statutory guidelines. Because Appellant acquiesced to a modification of his child support obligations, he waived any objection to whether the threshold requirements for such a modification were otherwise met. See, e.g., *Mullins-Leholm v. Evans*, 322 Ga. App. 869, 872 (3) (746 SE2d 628) (2013) (mother waived objection to trial court's modification of her visitation rights by conceding that the trial court could change visitation).

4. Appellant claims that the trial court erred in not attaching the child support worksheets to the final order. We agree.

> OCGA § 19-6-15 provides a process for calculating child support which, pursuant to subsection (m), requires the necessary information used in that calculation to be recorded on the child support worksheet. Deviations from the presumptive amount of child support, as provided by OCGA § 19-6-15 (i), are to be set out in Schedule E of the worksheet. OCGA § 19-6-15 (b) (8). If the factfinder deviates from the presumptive amount of child support, certain specific findings of fact must be set forth in the child support order, including the reasons for the deviation, the amount of child support that would have been required if

no deviation had been applied, how the application of the presumptive amount of child support would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the child who is the subject of the child support determination is served by a deviation from the presumptive amount. See OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B).

(Citation, punctuation and footnote omitted.) *Black v. Ferlingere*, 333 Ga. App. 789, 791 (2) (777 SE2d 268) (2015). "In addition to including the aforementioned specific findings of fact, the trial court must attach a completed child support worksheet and Schedule E to the child support order, incorporate those documents by reference into the order, or enter the pertinent information from those documents directly into the order itself." (Citations omitted.) Id. See OCGA § 19-6-15 (m) (1).[2]

The trial court's order references two child support worksheets purportedly attached as Exhibit "A" and Exhibit "B," but the worksheets were not attached to the final order. Worksheets and schedules corresponding with the trial court's order were later filed, apparently by Appellee's counsel, but were not incorporated into the trial

---

[2] After the entry of the trial court's final order, effective July 1, 2017, OCGA § 19-6-15 (m) (1) now requires, in pertinent part, that "[t]he child support worksheets and any schedule that was prepared for the purpose of calculating the amount of child support shall be attached to the final court order or judgment[.]" Ga. L. 2017, p. 646.

court's order, and it is unclear if the trial court even had the worksheets and schedules in its possession when the final order was entered. Pertinent information that would otherwise be found on the worksheets and Schedule E, including that pertaining to deviations and special circumstances, is not included within the order itself. As discussed in Division 5, infra, Appellant has challenged the child support award as constituting an improper deviation from the presumptive amount of support. Accordingly, "we cannot avoid the conclusion that a remand is necessary due to the lack of necessary findings being actually included in the Final Order here." *Demmons v. Wilson-Demmons*, 293 Ga. 349, 350 (1) (745 SE2d 645) (2013). See *Wallace v. Wallace*, 296 Ga. 307, 310 (1) (766 SE2d 452) (2014) (reversing and remanding because the trial court failed to make the required findings). The trial court's award of child support is therefore vacated and the case remanded with direction that the worksheets and appropriate schedules be attached to the order.

5. The trial court's order provided that Appellant pay $1,048 per month in child support beginning April 2017. Beginning January 2018, the trial court ordered that Appellant pay $1,020 per month in support. In addition to the monthly child support amount, the trial court ordered that "[Appellant] shall pay to [Appellee] thirty-five

8

percent (35%) of any and all bonuses received during each calender year above the amount of $3,500.00 received in any bonus."

Appellant contends that the trial court's order constitutes an improper future modification of support. See, e. g., *Howard v. Howard*, 262 Ga. 144, 145 (1) (414 SE2d 203) (1992) (finder of fact may not base modification on speculative future circumstances). He also contends that, in light of *Stowell v. Huguenard*, 288 Ga. 628, 632 (706 SE2d 419) (2011),[3] the trial court erred in making an unsupported deviation from the presumptive amount of support by requiring that he pay a percentage of future bonuses in addition to the monthly child support amount. Appellant acknowledges that it is unclear what amount of income the trial court considered when calculating child support in the absence of a finding in the final order or in

[3] As relevant here, *Stowell v. Huguenard* provides:
If a trial court believes that [a provision providing for payment of a percentage of nonrecurring income] is necessary to arrive at a fair child support amount, then it must treat it as a deviation, enter it on the Child Support Schedule E — Deviations section of the child support worksheet, and support it with the required findings of fact and application of the best interest of the child standard. OCGA § 19-6-15 (b) (8).

(Punctuation omitted.) *Stowell v. Huguenard*, 288 Ga. at 632.

incorporated child support worksheets. Nor are the trial court's findings as to deviations from the presumptive amount of child support before us. Accordingly, it is premature for this Court to address these claims of error. See *Demmons v. Wilson-Demmons*, 293 Ga. at 350 (2).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Bethel, J., and Senior Appellate Judge Herbert E. Phipps concur*.